## SUPREME COURT.

### HIGGINS agt. ALLEN.

A reference to ascertain *damages* upon an injunction bond filed under the 31st
rule of the late Court of Chancery, is not required where the bond does not
contain the clause providing for a reference. The remedy is by action on the
bond.
But such action can not be brought without leave of the court.

*Albany Special Term, July* 1851.

S. F. HIGGINS, *Plaintiff in pro. per.*

J. K. PORTER, *for Defendant.*

PARKER, Justice.—This action is brought on an injunction
bond, taken in 1846, under the 31st rule of the late Court of
Chancery. The defendant moves to set aside the summons and
complaint served on him on three grounds:

1. That there has been no order of reference, and no reference
to ascertain the amount of damages.

2. That no leave has been obtained from the court to prosecute
the bond; and

3. That the plaintiff demands judgment for $500, the penalty
of the bond, without application to the court.

The first ground is untenable, for the reason that the bond con-
tains no provision for ascertaining the amount of damages by
reference. The last clause required by the 31st rule of the late
Court of Chancery is omitted. It was the practice to insert it after
the condition of the bond, in the language of the rule as follows:
" Such damages to be ascertained by a reference to a master, or
otherwise, as the chancellor or vice chancellor, having jurisdic-
tion of the cause in which such injunction issues, shall direct."
It was decided in Gracie vs. Sheldon (3 *Barb. S. C. Rep.* 232),
that without such a clause in the injunction bond, the court has
no jurisdiction to direct a reference for the purpose of ascertain-
ing the amount of damages. The remedy in such case is by ac-
tion on the bond. Where an undertaking is executed under the
222d section of the Code, which has been enacted in place of the

31st rule of the late court of chancery, it seems no provision for reference is required to be inserted in the undertaking; but the same section authorizes the ascertaining of damages by reference or otherwise, as the court shall direct. Where the proceeding has been taken under the Code, there is therefore jurisdiction in the court to direct a reference without action, though there be no such consent in the undertaking. But this bond was taken under the former practice and not under the Code.

The next question is, was an order of the court necessary, giving the plaintiff leave to prosecute the bond, before the commencement of the action? In all cases where injunction bonds were taken under the provisions of the Revised Statutes, to stay proceedings at law, they were required to be filed with the register or clerk before the sealing and delivery of the injunction (2 *R. S.* 2*d ed. page* 117, § 155), and the next section provided that the chancellor or vice chancellor should direct the delivery of any bond executed under the provisions of that article, to the person entitled to the benefit thereof, for prosecution, whenever the condition of such bond should be broken, or the circumstances of the case should require such delivery. By the 31st chancery rule, a bond was required in most other cases of injunction, and it was intended to make a similar practice applicable throughout. Such bonds were always required to be filed before the issuing of the injunction (1 *Barb. Ch. R.* 625) and being placed on file, they could not be removed without the order or leave of the court. The court had the same control over the bond as when it was filed under the statute; and the same practice was adopted by applying for leave to prosecute where the condition of the bond had been broken. The plaintiff was therefore irregular in commencing his action on the bond without the authority of the court. The remedy for such an irregularity is by motion to set aside the proceedings (Harris vs. Hardy, 3 *Hill R.* 393).

I regret the necessity for setting aside these proceedings, when it is probable the plaintiff would have been entitled to leave to prosecute; on application for that purpose; and if the proper facts were before me establishing such right, and showing that this

was the proper place to make such application, I should grant such leave *nunc pro tunc,* and let the proceedings stand, on payment of costs. But the plaintiff has failed to show the facts necessary to entitle him to such relief, and has also failed to show that the bond was filed in this district or in a county adjoining this county, so as to make this a proper place for the application.

This irregularity being fatal to the proceedings, it is unnecessary to examine the third point made by the moving counsel.

Motion granted, with $10 costs.