(65 App. Div. 249.)

## WILSON v. DREYER et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

INJUNCTION—DAMAGES—MOTION IN ACTION—JURISDICTION—VENUE.

    Under Code Civ. Proc. §§ 623, 625, providing that the damages sustained by reason of an injunction may be ascertained by the court, by a referee, writ of inquiry, or otherwise, as the court shall direct, and that after they have been ascertained an action may be brought to recover the same by any person entitled to the benefit of the undertaking, a motion for the appointment of a referee to ascertain damages sustained by reason of an injunction, which has been vacated, and final judgment of dismissal entered, is a motion in an action, within section 769, requiring such a motion to be made within the judicial district within which the action is triable.

Appeal from special term, New York county.

Action by Homer Wilson against Louis Dreyer and others. From an order appointing a referee to ascertain damages sustained by reason of an injunction, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. J. Bennett, for appellant.

Robert L. Turk, for respondents.

LAUGHLIN, J. The order appealed from appoints a referee to ascertain the damages sustained by the defendant in this action by reason of an injunction theretofore granted herein on the application of the plaintiff. The injunction has been vacated, and final judgment has been entered dismissing the complaint. The action was brought in Queens county, and the place of trial was not changed. Plaintiff objected to the hearing of this motion in the First department, but his objection was overruled. The question for determination on this appeal is whether the motion was properly made and entertained at special term in the First judicial district, the action being triable elsewhere. Section 769 of the Code of Civil Procedure provides as follows:

"A motion, upon notice, in an action in the supreme court, must be made within the judicial district, within which the action is triable, or in a county adjoining that in which it is triable; except that where it is triable in the First judicial district, the motion must be made in that district; and a motion, upon notice, cannot be made in that district in an action triable elsewhere. But this section does not apply to a case, where it is specially prescribed by law that a motion may be made in the county, where the applicant or other person to be affected thereby, or the attorney, resides."

The motion was necessarily upon notice, and entitled in the action. It is provided in section 623 of the Code that the damages sustained by reason of an injunction may be ascertained and determined by the court, or by a referee, or by writ of inquiry, or otherwise, as the court shall direct; and that the decision of the court or an order affirming the report of a referee shall be conclusive as to the amount of damages upon the persons who have executed the undertaking, unless it is reversed upon appeal. It further provides that the court may, in its discretion, direct that

the sureties have notice of a hearing or of an appeal, and may prescribe the time and manner of giving them notice. Section 625 of the Code of Civil Procedure prescribes that, after the damages have been thus ascertained, an action may be brought to recover the same by any person entitled to the benefit of the undertaking. In Phillips v. Wheeler, 67 N. Y. 104, it was stated that the corresponding statutory provision in force at that time related only to motions "in the action while it is pending, or such as relate in some way to its pendency or procedure," and that it did not preclude the sheriff from making a motion in his county, after final judgment, to determine which of conflicting claimants was entitled to the surplus in his hands collected under the judgment. This doctrine was followed in Curtis v. Greene, 28 Hun, 294, where the motion related to some proceedings in another county under a judgment after it had been entered, but it does not appear what the proceedings were. In Gillig v. George C. Treadwell Co., 151 N. Y. 552, 45 N. E. 1035, two creditors had brought separate actions, and caused attachments to be issued and levied upon the property of defendant. The senior attaching creditor obtained judgment, and issued execution, under which the sheriff sold some of the property attached, but not to satisfy the judgment. This creditor thereupon moved for an order requiring the sheriff to sell sufficient of the other property held under the second attachment to satisfy the amount remaining unpaid on his judgment. The motion was denied, but upon appeal to the court of appeals the order was reversed, and motion granted. In the meantime the sheriff had sold the property under the second attachment, and paid the proceeds to the junior attaching creditor, who was a receiver. On a motion made for restitution it was held that the court might, on a motion made in the action in which the receiver was appointed, make an order requiring the receiver to pay the money back to the sheriff, and requiring the sheriff to satisfy therewith the claim of the senior attaching creditor; that such motion would fall within the provisions of section 769 of the Code of Civil Procedure. We are of opinion that this is a motion in the action within the meaning and intent of the provision of the Code hereinbefore quoted. This prohibition, it would appear from the language employed, was made for the express purpose of relieving the courts of this district and department, where the calendars are congested from hearing motions that may and should be heard elsewhere. But, even if the making of the motion in the First district be not expressly prohibited, there is no propriety in its being made or heard here. An order of reference or a writ of inquiry to assess such damages in an action triable elsewhere should not be granted in this judicial district. Ordinarily, as assessment should be made in the county where the venue is laid, and where the damages, if any, were sustained; and the parties should not be permitted to make motions in the county of New York unless the action is triable in the First district.

The order should be reversed with $10 costs and disbursements, and motion dismissed, with $10 costs. All concur.