(60 Misc. Rep. 350.)

BYRNE et al. v. LATHROP, SHEA & HENWOOD CO. et al.

(Supreme Court, Special Term, Allegany County.    September 1, 1908.)

REMOVAL OF CAUSES—EFFECT OF TRANSFER OF JURISDICTION.

Where action was begun in the state court, and, after issuance of a temporary injunction procured by plaintiffs giving a bond, as required by Code Civ. Proc., the cause was removed to the federal court, and there decided for defendants, the state court to which the cause was never remanded has no jurisdiction to grant a motion under section 623 for a reference to ascertain the damages sustained by reason of the injunction, whether this be. considered a proceeding in the action or an independent special proceeding, it being in any case an incident of the action and in aid of its final determination; and Rev. St. U. S. § 629 (U. S. Comp. St. 1901, pp. 503–516), providing that after certain steps for removal the state court shall "proceed no further in such suit," and it being necessary for a court to exercise the powers under section 623 that it have jurisdiction of the parties and the subject-matter of the litigation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 206.]

Action by Elizabeth M. Byrne and others against the Lathrop, Shea & Henwood Company and others. Defendants move for a reference to ascertain damages. Motion denied.

J. Henry Metcalf, for the motion.
Frank S. Blair, opposed.

WHEELER, J. This is a motion on the part of the defendants for an order directing a reference to ascertain the damages sustained by the defendant Lathrop, Shea & Henwood Co. by reason of a preliminary injunction granted in this action, pursuant to the provisions of section 623 of the Code of Civil Procedure. This action was originally begun in the Supreme Court of this state, and a preliminary injunction obtained by the plaintiffs, and upon the procuring of such injunction a bond was given by the plaintiffs, as required by the Code, and served with the injunction order and the summons and complaint. Thereafter one of the codefendants removed the cause into the United States Circuit Court for the Western District of New York upon the ground of diversity of citizenship. The injunction was subsequently vacated and dissolved by the Circuit Court. Issue was joined, and plaintiffs' complaint was thereafter dismissed, and judgment entered in favor of the defendant Lathrop, Shea & Henwood Company. Lathrop, Shea & Henwood Company then moved in the federal court to assess the damages sustained by reason of the granting of the injunction by making a motion in the Circuit Court similar to the motion here made under section 623 of the Code of Civil Procedure. The plaintiffs appeared by counsel and a referee was appointed, who took the proofs of the defendant. The principal item of damages proven was counsel fee incurred by the defendant on the motion to dismiss the injunction, and expenses of counsel incurred by reason of the injunction having been granted. The defendant thereafter applied to the federal court for leave to withdraw the proceedings for the assessment of damages in the federal court, and the application to discontinue was granted and an order accordingly entered. These proceedings

were thereupon instituted in this court. The plaintiffs oppose the proceedings and the granting of any order, contending that by the removal of the cause into the federal court the state court lost all jurisdiction of the matter, and is therefore without power to make any order in the premises, and that the defendants' relief, if any, must be had in a proceeding in the federal court such as that first instituted, or by a common-law action upon the bond. The defendant, on the other hand, contends that this is not a proceeding in the action, but an independent special proceeding given by the Code of Civil Procedure, and that it may notwithstanding the removal of the cause to the federal court maintain the proceeding in the state court, where the bond was originally filed.

It is not disputed that the action has never been remanded to this court, and the sole question presented at this time is whether this court has jurisdiction to entertain the motion. It is well established that the federal court had ample jurisdiction and authority to assess the damages, if any, on the bond referred to in the moving papers. In the case of Russell v. Farley, 105 U. S. 433, 26 L. Ed. 1060, where an injunction bond was given in the state court, and the cause was thereafter removed to the federal court, the right of the federal court to assess damages in a proceeding in the action was fully discussed, and the power of the court to determine such damages in such a proceeding was affirmed as one of the incidents of a court of equity. The practice and principle of thus ascertaining the damages resulting from the granting of injunctions is further discussed and affirmed in the case of Tyler Mining Co. v. Last Chance Mining Co., 90 Fed. 15, 32 C. C. A. 498. In the case of Lea v. Deakin (C. C.) 13 Fed. 515, the court intimates it is the better practice to assess damages caused by the issuance of an injunction bond rather than compel the injured party to resort to an independent action at law. In the case of Coosaw Mining Co. v. Farmers' Mining Co. et al. (C. C.) 51 Fed. 107, the court said:

"There can be no question that the court can either decide for itself what damages, if any, should be given on the dissolution of an injunction, secured by a bond given under its order, or it can deliver the bond to the defendants for the purpose of a suit thereon in a court of law. This court would never send the bond for suit in another jurisdiction, and in very rare cases would it send the bond before a jury. The suit, from its inception, is in this court. The conduct of the parties is always under its supervision. The character of the questions involved, and the ease or difficulty in reaching a conclusion upon them, can nowhere be as well known as in the court which heard, considered, and decided them. The court also can determine whether any further proceedings are necessary; and may content itself, after fixing costs on the complainant, with an order that no further damages can be recovered against it. Russell v. Farley, 105 U. S. 446, 26 L. Ed. 1060."

We therefore conclude that the federal court has the jurisdiction and power to determine the defendants' damages by a proceeding in that court or may if it sees fit deliver the bond to be sued on in an action at common law, which action, of course, may be prosecuted in any court having jurisdiction of the parties.

The question, however, remains whether the jurisdiction of the federal court to assess damages by a reference or inquiry in that court

excludes the right of the state court where the action was originally instituted from maintaining a similar proceeding under the authority of section 623 of the Code of Civil Procedure. We are of the opinion that, when this cause was removed into the federal court, this court lost all right to proceed under section 623 to assess the defendants' damages. Section 3 of the act of 1875 (Act March 3, 1875, c. 137, 18 Stat. 470, amended by Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433; section 629, Rev. St. U. S. [U. S. Comp. St. 1901, p. 510]) provides, among other things, that, after a petition and bond for removal has been filed, it shall be the duty of the state court to accept such petition and bond and proceed no further in such suit, and the said copy being entered as aforesaid in said Circuit Court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in said circuit." Section 4 of said act further provides that:

"All bonds, undertakings or security given by either party in such suit prior to its removal, shall remain valid and effectual notwithstanding said removal; and all injunctions, orders and other proceedings had in such suit prior to its removal, shall remain in full force and effect until dissolved or modified by the court to which such suit shall be removed."

The state court could therefore from the time of the removal "proceed no further in the suit." Upon the removal the bond given in this case was returned to and became a part of the records of the federal court. But the defendant argues that this proceeding is not a proceeding in the suit, but an independent proceeding, that this action was determined by the judgment rendered in the federal court dismissing the complainants' bill, and ended the action, and that a proceeding under section 623 to assess damages on an injunction bond is a special proceeding, and constitutes no part of the action, and defendants' counsel cites Lawton v. Greene, 64 N. Y. 326, in support of his contention. That was a proceeding under section 222 of the old Code identical with the provisions of section 623, Code Civ. Proc. That case does not decide the question involved in this motion, but simply decided to what extent sureties were liable upon an injunction bond there given. In the course of the opinion rendered in that case Judge Church did say:

"I think the learned judge erred in assuming that this proceeding was a proceeding in the action. The action was at an end. Final judgment had been entered therein. The reference was had in pursuance of section 222 of the Code requiring an undertaking to be given upon granting an injunction, and providing for ascertaining the damages by reference or otherwise as the court shall decide. These proceedings constituted no part of the action. The section of the Code referred to was adopted as a substitute for the thirty-first rule of the Court of Chancery. Until the rule was adopted the court had no power to award damages against a person for an injury occasioned by an injunction, even though it was determined in the action that the party was not entitled to it."

The remarks were largely obiter, but it cannot in any event be claimed for them that they hold to the doctrine that a proceeding to assess damages on an injunction bond can be entertained by the court where the action has been removed to another court. On the other hand, in the case of Wilson v. Dreyer, 65 App. Div. 249, 72 N. Y. Supp. 578, it

was held that a motion for the appointment of a referee to ascertain
the damages sustained by reason of an injunction granted in an action
brought in Queens county must necessarily be made upon notice and
be entitled in the action, and that under the provisions of section 769
of the Code of Civil Procedure such motion must be made in the
judicial district where the original action was brought. The court,
among other things, said:

"We are of the opinion that this is a motion in the action within the mean-
ing and intent of the provisions of the Code heretofore quoted."

Whether we deem this a proceeding in the action or in the nature
of a special proceeding it seems to us quite immaterial. Such a pro-
ceeding is an incident of the action, and in aid of the final determina-
tion and disposition of the rights of the parties growing out of the
litigation in which the injunction bond was given. The provisions of
section 623 of the Code of Civil Procedure were enacted, and the rules
of the old Court of Chancery were adopted upon the theory that the
court by reason of the pendency of the action and the presence of the
parties before the court had jurisdiction to do complete justice between
all parties; that, when litigants came before the court asking the ex-
ercise of its equitable powers to grant an injunction pendente lite, it
had the right to impose conditions on which such injunctions should
be granted and to exact a bond for the payment of damages suffered
by the party enjoined in case it should be finally determined the party
procuring the injunction was not entitled to it, and as an incident to
the power of exacting a bond on granting an injunction to determine
and assess the damages sustained. Discussing this question in the
case of Russell v. Farley, 105 U. S. 433, 445, 26 L. Ed. 1060, Mr.
Justice Bradley said:

"But, upon a careful examination, we are not satisfied that they furnish
any good authority for disaffirming the power of the court having possession
of the case, in the absence of any statute to the contrary, to have the dam-
ages assessed under its own direction. This is the ordinary course in the
Court of Chancery in England, by whose practice the courts of the United
States are governed, and seems to be in accordance with sound principle. The
imposition of terms and conditions upon the parties before the court is an
incident to its jurisdiction over the case; and, having possession of the prin-
cipal case, it is fitting that it should have power to dispose of the incidents,
arising therein, and thus do complete justice, and put an end to further liti-
gation. We are inclined to think that the court has this power, and that it
is an inherent power, which does not depend on any provision in the bond
that the party shall abide by such order as the court may make as to damages
(which is the usual formula in England), nor on the existence of an express
law or rule of court (as adopted in some of the states) that the damages may
be ascertained by reference or otherwise, as the court may direct; this be-
ing a mere appendage to the principal provision requiring a bond to be taken,
and not conferring the power to take one, or to deal with it after it has been
taken. But, whilst the court may have (we do not undertake to decide that it
has) the power to assess the damages, yet, if it has that power, it is in its
discretion to exercise it, or to leave the parties to an action at law. No doubt
in many cases the latter course would be the more suitable and convenient
one."

It is to be observed that the rule seems to proceed upon the theory
that the court has jurisdiction of the parties and of the subject-matter
of the litigation, and by reason of that jurisdiction has the inherent

equitable power to do complete justice. It was in aid of this power that the Legislature saw fit to embody the practice theretofore exercised by courts of equity into the section of the Code relied on here. But, in order to exercise the powers therein given to assess damages, the action must be pending or have been brought in the court which undertakes to assess the damages; and it must have jurisdiction of the parties to the action. It cannot be assumed that the Legislature intended a court to exercise the right to assess damages except in cases where it had itself rendered judgment. It cannot and should not assume to assess damages in any case or action not actually pending before it or decided by it and where parties were not before the court. When this case was removed into the federal court, this court was ousted of any jurisdiction over the parties or the subject-matter of the litigation. It could render no order or decree binding on any party to the action or connected with it. That jurisdiction has never been restored, and we are of the opinion when the cause of action was removed to the federal court the right and authority to make any order or decree incidental to the action or supplementary to it was gone. We therefore conclude that the motion must be denied. This doubtless still leaves to the defendants the right to sue on the bond in an action at common law. What the rule of damages would be in such a case, whether the rule prevailing in the federal courts or the more liberal one recognized by the state courts, we do not undertake to determine.

The defendants' motion, however, is denied, with $10 costs.

So ordered.