JACOB BOLTON, Plaintiff, *v.* WALTER H. THACHER, Defendant.

Supreme Court, Nassau County, January, 1926.

Injunctions — damages — action on bond — application of plaintiff for confirmation of referee's report on damages arising from injunction pendente lite — assessment of damages in injunction action not proceeding in action — assessment may be made " otherwise " under Civil Practice Act, § 894 — reference did not invade substantial rights of defendant and should be confirmed — irregularity which may be disregarded under Civil Practice Act, § 105.

The assessment of damages in an action for an injunction is not a proceeding in the action, though for the desirability of maintaining the regularity of motion practice, it is made in the same court. But said assessment may be made " otherwise " than in the manner recited in section 894 of the Civil Practice Act; therefore, it was proper for the plaintiff in the action on the bond in the injunction action to apply for the confirmation of the report of the referee appointed to assess damages arising from the granting of an injunction *pendente lite.*

Moreover, the reference order did not invade any substantial right of the defendant, particularly where, at most, it is an irregularity which may be disregarded under section 105 of the Civil Practice Act.

MOTION for the confirmation of the report of a referee appointed to assess damages occasioned by the granting of an injunction *pendente lite.*

*Irving G. Warshaw,* for the plaintiff.

*Stallo Vinton,* for the defendant.

FABER, J. The defendant opposes the motion on the ground that the order of reference was improperly made in this action and should have been made in the injunction action, citing sections 894 and 896 of the Civil Practice Act. The assessment of damages is not a proceeding in the injunction suit (*Lawton* v. *Green,* 64 N. Y. 326) though, for motion practice regularity, is properly to be made in the same court (*Wilson* v. *Dreyer,* 65 App. Div. 249), and it may be made " otherwise " than in the stated ways. (§ 894.) The sections merely provide a method of speedy ascertainment of the damage (*Kelly* v. *Myrick,* 205 App. Div. 637), are in terms permissive, are not exclusive, and do not seem to amount to a special and peremptory statutory requirement that the assessment of damages shall be a condition precedent to the right of action. (32 C. J. 451.) The case of *American Exchange National Bank* v. *Goubert* (135 App. Div. 371) is not to the con-

trary, for there the court found it unnecessary to pass upon the question. There thus seems to be no good reason why it may not be made in the action upon the bond. The leave of court mentioned in section 896 is a formal matter which may be supplied *nunc pro tunc,* or assumed as given until withdrawn (36 C. J. 975) as by motion to dismiss the action. (*Higgins* v. *Allen,* 6 How. Pr. 30.) There never was at common law any right to an assessment of such damages by jury. (*City of Yonkers* v. *Federal Sugar Refining Co.,* 221 N. Y. 206.) The making of the order of reference, therefore, has not invaded or infringed any substantial right of the defendant, and is, at most, an irregularity, which may be disregarded (Civ. Prac. Act, § 105), especially as defendant did not really oppose it, when made, or afterward move to vacate it, if that may be judged from the face of the order and the proceedings before the referee, though there are some confusing statements pro and con in this regard in the briefs.

The motion to confirm is granted, with ten dollars costs.