## BUTLER v. PACIFIC MAIL S. S. CO. et al.

(Circuit Court of Appeals. Ninth Circuit. July 2, 1923.)

No. 3999.

1. **Seamen ⟨key⟩14—Master has authority to disrate a boatswain.**
   The master of a vessel has authority to disrate a boatswain or other seaman for incompetency, or other adequate cause.

2. **Admiralty ⟨key⟩118—Finding on competent testimony disrating was justified is binding.**
   Where there was competent testimony tending to show that a boatswain was incompetent, inattentive to duty, and had been guilty of repeated acts of misconduct, the finding of the court below that the master had a right to disrate the boatswain must be accepted on appeal.

3. **Seamen ⟨key⟩17—Disrated boatswain's election to continue as ordinary seaman is binding upon him.**
   While the disrating of a seaman is an abrogation of his contract and entitles him to his discharge forthwith, if it occurs in port, or to his discharge as soon as the vessel reaches a port, he has the option of accepting a position at a new rating, and when he has once exercised that option his election to serve in the new capacity is binding on him, and entitles him to compensation for services thereafter only at the rate paid for services in that capacity.

Appeal from the District Court of the United States for the First Division of the Northern District of California.

Libel in admiralty by James Butler against the Pacific Mail Steamship Company and another to recover wages. From a decree allowing recovery of only the amount admitted by respondents, libelant appeals. Affirmed.

H. W. Hutton, of San Francisco, for appellant.

Farnham P. Griffiths, McCutchen, Olney, Mannon & Greene, and Russell A. Mackey, all of San Francisco, for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. On the 11th day of October, 1921, the libelant shipped as boatswain on the Hoosier State for a voyage from San Francisco to Oriental ports and return. On the 18th day of November, at the port of Manila, he was disrated by the master, as appears from the following entry in the official log of that date:

"James Butler, boatswain, for continued intoxication, willful wasting of ship's stores, failure to carry out orders, undermining of discipline, and inability to carry out your duties, you are disrated to ordinary seaman.
"Answer: Wants to go as able seaman."

Upon the return of the vessel to San Francisco the libelant was discharged, and thereafter brought the present libel to recover the wages due, together with double wages from December 12, 1921, until paid. The only matter in controversy between the parties, aside from the claim for double damages after the discharge, is the difference between the wages of a boatswain and the wages of an ordinary seaman, amounting to $25.66. The court below was unable to say from the testimony that the causes for disrating were insufficient, and granted

a decree in favor of the libelant for the sum of $36.68, the balance due him for wages as ordinary seaman. From this decree the libelant has appealed.

[1] The authority of the master to disrate a seaman for incompetency or other adequate cause does not seem to admit of question. Thus in The Mary C. Conery (D. C.) 9 Fed. 222, the court said:

"A master, doubtless, may disrate a cook and steward, if it turns out that he is incompetent to perform properly the duties of the position, and when this occurs at sea he may assign the disrated person to the performance of such services as are reasonable under the circumstances, until they reach a port. But I regard such an act by the master as an abrogation of the contract with the cook and steward, and leaves him, when a port is reached, or if the disrating takes place in port, to the option of accepting it as a discharge, or of remaining on board in his new position. If he elects the former, he is entitled to the payment of wages, according to the contract, up to the date of the disrating."

See, also, The Hotspur, Fed. Cas. No. 6,720, 3 Sawy. 194.

[2] There is competent testimony in the record tending to show that the appellant was incompetent, inattentive to duty, and had been guilty of repeated acts of misconduct. We must therefore accept the findings of the court below, both as to the right of the master to disrate the appellant and the extent to which that right was exercised. The Mazatlan (C. C. A.) 287 Fed. 873, and cases cited.

[3] It is contended that disrating is an abrogation of the contract of employment, and this is no doubt true. If the disrating occurs at sea the seaman disrated may claim his discharge as soon as the vessel reaches port, and if the disrating occurs in port he may claim his discharge forthwith, and is not bound to accept the new position. In other words, it is optional with the seaman whether he will accept the new position, or insist upon his discharge, but when that election is once made it is binding upon him. In the present case the appellant elected to remain with the ship, and such act on his part was not the result of compulsion or constraint.

The decree of the court below is therefore affirmed.