VALENTINE ENCARNACION, Appellant, *v.* INEZ M. JAMISON et al., as Executors of WILLIAM A. JAMISON, Respondents, Impleaded with Another.

(Argued February 19, 1929; decided March 19, 1929; decision vacated May 29, 1929; resubmitted July 11, 1929; decided July 11, 1929.)

*James A. Gray* for appellant. Gabrielson v. Waydell (135 N. Y. 1) does not express the latter-day view of the law and should not now be followed. (*Kennedy* v. *Cunard SS. Co., Ltd.*, 197 App. Div. 459; 235 N. Y. 604; *Panama R. R. Co.* v. *Johnson*, 264 U. S. 375; *Warren* v. *Morse Dry Dock & Repair Co.*, 235 N. Y. 445; *New*

*England R. R. Co.* v. *Conroy,* 175 U. S. 325; *International Stevedoring Co.* v. *Haverty,* 272 U. S. 56.) Plaintiff's complaint brings him within the purview of the Merchant Marine Act as construed in International Stevedoring Co. v. Haverty (272 U. S. 50), and he is entitled to all the benefits thereof. (*The "Calusa,"* 241 Fed. Rep. 968; *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375; *Roebuck* v. *Atchison, etc., R. Co.,* 99 Kan. 544; *Reeve* v. ·*N. P. R. Co.,* 82 Wash. 268; *Cincinnati, etc., R. R. Co.* v. *Wilson,* 161 Ky. 640; *Girvin* v. *N. Y. C. & H. R. R. R. Co.,* 166 N. Y. 289; *Curley* v. *Electric Vehicle Co.,* 68 App. Div. 18; *Grand Trunk Western R. Co.* v. *Lindsay,* 233 U. S. 42; *Int. Stevedoring Co.* v. *Haverty,* 272 U. S. 50; *Yaconi* v. *Brady & Gioe, Inc.,* 246 N. Y. 300; *Sullivan* v. *Dunham,* 161 N. Y. 290; *Central Vermont Ry. Co.* v. *White,* 238 U. S. 507; *Southern Ry.* v. *Derr,* 240 Fed. Rep. 75; *Cott* v. *Erie R. R. Co.,* 231 N. Y. 67.) Under the Maritime Law the rule of fellow-servant does not apply in cases of assault. (·*Memphis & Newport Packet Co.* v. *Hill,* 122 Fed. Rep. 246; *Gabrielson* v. *Waydell,* 67 Fed. Rep. 342; *"Marion Chilcott,"* 95 Fed. Rep. 688; *The "A. Heaton,"* 43 Fed. Rep. 592; *The "Lizzie Burrell,"* 115 Fed. Rep. 1015; Desty on Shipp. & Adm. § 156; *The "Sinaloa,"* 292 Fed. Rep. 640.) The case was properly disposed of in the trial court. (*Mott* v. *Consumers Ice Co.,* 73 N. Y. 543; *Girvin* v. *N. Y. Central & H. R. R. R. Co.,* 166 N. Y. 289; *Magar* v. *Hammond,* 183 N. Y. 387; *Craven* v. *Bloomingdale,*· 171 N. Y. 439; *Richard* v. *Amoskeag Manufacturing Co.,* 109 Atl. Rep. 88; *Avondale Mills* v. *Bryant,* 10 Ala. App. 514; *Jabeles Colias Conf. Co.* v. *Booze,* 181 Ala. 459; *Hudson Bay Co.* v. *Vaillancourt,* 2 Dom. L. R. [N. S.] 1008; *Raolaslovic* v. *N. Y. C. R. R. Co.,* 245 N. Y. 91.)

*Theodore H. Lord, Daniel Miner* and *James B. Henney* for respondent. As the issue alleged and submitted to the judge is confined to assault and no issue of negligence

is presented by the record, the complaint was properly dismissed. (*Gabrielson* v. *Waydell*, 135 N. Y. 1; *Muller* v. *Hillenbrand*, 227 N. Y. 448; *Girvin* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 289; *Cameron* v. *N. Y. C. & H. R. R. R. Co.*, 145 N. Y. 400; *Wittaker* v. *D. & H. C. Co.*, 126 N. Y. 544; *Coppins* v. *N. Y. C. & H. R. R. R. Co.*, 122 N. Y. 557.) The Jones Act only applies where the action is based on negligence. (*Davis* v. *Green*, 260 U. S. 349; *Muller* v. *Hillenbrand*, 227 N. Y. 445.)

POUND, J. Defendants' testator was an employing stevedore. Plaintiff was one of his employees who was assaulted by the foreman or gang boss in charge of a gang engaged in loading a barge in the East river. The evidence justifies the inference that the foreman, in an effort to carry out his orders to keep the men busy and in furtherance of the employer's work, assaulted plaintiff, an employee subject to his orders, to make him hurry up with the work in which he was engaged. No question of negligence is in the case. The trial judge allowed a recovery if the jury found that " the assault was committed in the furtherance of the master's work." (*Mott* v. *Consumers Ice Co.*, 73 N. Y. 543, 547.) The jury so found. The Appellate Division reversed, applying the fellow-servant rule and holding that there was no liability on the part of the employer even though the foreman inflicted the injuries when he was engaged in hurrying up the work in obedience to the employer's orders.

The cause of action having arisen upon the navigable waters of the United States, is to be disposed of under the principles of maritime law. (*International Stevedoring Co.* v. *Haverty*, 272 U. S. 50; *Northern Coal & Dock Co.* v. *Strand*, 278 U. S. 142; *Resigno* v. *Jarka Co., Inc.*, 248 N. Y. 225.) The foreman, in the management of the work intrusted to him by his employer, is a fellow-servant of the members of the gang under his direction and control in the performance of the work. (*Crispin* v.

*Babbitt*, 81 N. Y. 516.) For injuries suffered by the men placed under the authority of such a one as the result of his negligence or misconduct in the furtherance of the employer's business, it has been held that the employer is not liable to indemnify the injured employee. (*Gabrielson* v. *Waydell*, 135 N. Y. 1.) Such was the rule of the common law and of the admiralty law as defined by this court.

The learned counsel for the appellant with admirable candor concedes that no fault can be found with the court below for adhering to the rule as thus stated, but he asks this court to change the law " to establish a better rule of conduct and give place to a higher degree of justice." Long and firmly established doctrines are not so easily disposed of, although the authority of recent cases of first impression has at times been disregarded in order to conform the decisions of the court to the actualities of industrial and business life. (*Fitzwater* v. *Warren*, 206 N. Y. 355; *Klein* v. *Maravelas*, 219 N. Y. 383.) The *Gabrielson* case was decided by a divided court with a strong dissent. It has been subjected to much adverse criticism. While it may no longer be regarded as authority for the proposition of general maritime law that the misconduct of the captain of a ship in his care of the seamen under him is a risk assumed by the seamen for the consequences of which the owners are not responsible (*Gabrielson* v. *Waydell*, 67 Fed. Rep. 342; *The Osceola*, 189 U. S. 158, 175), there remains in it a vestigial remnant of the once all-comprehensive fellow-servant rule, which was in its fullest glory in the year 1892, to wit, the rule of non-liability of the employer for assaults committed by a superior employee upon his inferior in the performance of the employer's work. To this extent it may be controlling upon this court if it remains in harmony with recent legislation on the subject.

The admiralty and maritime law is subject to change by Congress. Congress has acted and the Supreme

Court of the United States has said broadly (*International Stevedoring Co. v. Haverty, supra*) that "the statutes do away with the fellow-servant rule" as applied to long-shoremen engaged in stowing freight in the hold of a ship within the admiralty and maritime jurisdiction of the United States. We would be content to give this declaration its full face value were it not for the fact that the case was one of the negligence, rather than the misconduct, of a foreman. It thus becomes necessary to examine the course of legislation on the subject to determine its bearing on our decisions.

The fellow-servant rule is generally stated in terms of negligence only, although misconduct of a co-employee is also within its scope. By the Seamen's Act of March 4, 1915 (38 Stat. ch. 153, § 20), it was provided that " in any suit to recover damages for any injury sustained on board vessel or in its service seamen having command shall not be held to be fellow-servants with those under their authority." This language proved to be inadequate to substitute the common-law measure of liability for personal injuries for the maritime rule of limited liability in the case of seamen (*Chelentis* v. *Luckenbach S. S. Co.*, 247 U. S. 372), and was probably appropriate only to the relief of seamen in any event. (*Yaconi* v. *Brady & Gioe, Inc.*, 246 N. Y. 300.) It was, however, a gesture in the direction of wider responsibility on the part of the master for the negligence of his servants. It was succeeded by the Jones Act (Merchant Marine Act of June 5, 1920; 41 Stat. ch. 250, § 33; 3 Mason's U. S. Code, tit. 46, ch. 18, § 688, p. 3273), which extends to seamen who shall suffer personal injury in the course of their employment, the rights and remedies given by Congress to railroad employees (*Panama R. R. Co.* v. *Johnson*, 264 U. S. 375, 389; *Baltimore S. S. Co.* v. *Phillips*, 274 U. S. 316, 324; *Pacific S. S. Co.* v. *Peterson*, 278 U. S. 130) by providing that they may maintain actions against their employers for damages and that in such actions

" all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply " to them. The reference is to the Federal Employers' Act of April 22, 1908 (35 Stat. ch. 149, § 1; 3 Mason's U. S. Code, tit. 45, ch. 2, § 51, p. 3064) and its amendments which is thus incorporated into the maritime law of the United States. That act, wherever applicable, read literally, imposes liability on the employer for the acts of a fellow-servant only in cases of personal injury to an employee resulting from negligence. Misconduct is not in terms included. (See, also, N. Y. Employers' Liability Law, ch. 121, L. 1921, which applies the vice-principal rule only to cases of negligence.) Nevertheless, Mr. Justice HOLMES, writing for the United States Supreme Court in the *Haverty Case* (*supra*), reads the act as doing away with the fellow-servant rule as freely as he reads the word " seamen " so as to include " stevedores." This, it would seem, is its popular interpretation. As the word " seamen " in the act includes " stevedores," so the word " negligence " should, " in view of the broad field in which Congress has disapproved and changed the [fellow-servant] rule introduced into the common law within less than a century," include " misconduct." Reading *Gabrielson* v. *Waydell* (*supra*) in the light of the Merchant Marine Act and its history, we do not hesitate to say that the authority of the case as a rule of maritime law has been largely, if not fully spent; that we should not waste time in pointing out distinctions between negligence and misconduct in this connection in order to defeat plaintiff's recovery but should hold broadly that Congress, in doing away with the fellow-servant rule in cases of negligence coming within the scope of its legislation, has left neither substance nor reason to our earlier decision and that it is no longer controlling. We cannot, with a fair countenance, say that the master is now liable to his servants for personal injuries due to a careless foreman but is not

liable for personal injuries inflicted on them by a brutal foreman in directing the performance of the work and intended and believed to be for the interest of the master. (*Mott* v. *Consumers Ice Co., supra.*)

This case differs materially from *Davis* v. *Green* (260 U. S. 349). In that case the engineer had received an order from the conductor which it was his duty to obey. Out of personal rancor, he killed the conductor. Neither allegations nor proof present the killing as having been done to further the master's business

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.