## ANDERSON v. W. R. GRACE & CO.

District Court, S. D. New York.
Dec. 23, 1929.

Silas B. Axtell, of New York City, for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for defendant.

COXE, District Judge.

This is an action by a seaman for damages for an alleged assault. The action was brought originally in the City Court of New York City, and removed by the defendant to this court on the ground of diversity. The motion to remand is based on the provision of the Jones Act § 33 (46 USCA § 688) prohibiting removal from the state court in cases brought under that act. Herrera v. Pan American (D. C.) 300 F. 563. The complaint alleges specifically that "the mate * * * under the orders and direction of the Master, * * * fired four shots at the plaintiff from a loaded pistol, one of which went through the bone of the plaintiff's right leg. * * *"

The injuries sustained by the plaintiff are then set forth with particularity, and damages of $10,000 claimed. The complaint later contains general allegations that the injuries were due to the negligence of the defendant in failing to provide a safe place to work and in permitting and ordering the mate to fire at the plaintiff.

I think that this complaint states only a cause of action for an assault. The allegations charging negligence are merely conclusions, and do not in any way change the essential character of the action. In this circuit, an action by a seaman for damages for an assault has been stated to be without the scope of the Jones Act, and not grounded in negligence. Cain v. Alpha (C. C. A. Second) 35 F.(2d) 717, 1929 A. M. C. 1484. This ruling is binding despite the decision to the contrary in Encarnacion v. Jamison, 251 N. Y. 218, 167 N. E. 422. It follows therefore, that the action, not being subject to the prohibition against removal contained in the Jones Act, was properly removed to this court.

The motion to remand is denied.