DAVID McCONNELL, Plaintiff, *v.* WILLIAMS STEAMSHIP COMPANY, INC., and Others, Defendants.

City Court of New York, New York County, December 22, 1931.

*Lucien V. Axtell,* for the plaintiff.

*C. B. Dunham,* for the defendants.

KAHN, J.  This is a motion by the defendant to dismiss the complaint on the ground that the court has not jurisdiction of the subject-matter of the action.  The action is brought by plaintiff, a member of the crew of a vessel belonging to the defendants, to recover damages for injuries claimed to have been sustained by him by reason of an assault committed on him by other members of the crew.  Defendants' liability is predicated on the allegations that the assault was due to the negligence of the defendants in failing to provide plaintiff with a proper place to work, in failing to provide the vessel with a competent crew, in failing to exercise proper discipline, and to take the necessary precautions to prevent said attack.  It is alleged further that because of the defendants' violation of their duty to plaintiff in these respects the vessel on which he was employed was rendered unseaworthy.  A second cause of action seeking to recover for maintenance and care during the period of plaintiff's disability is pleaded in the event that plaintiff does not prevail in the first cause of action.

The complaint is not attacked for legal insufficiency; nor is any question raised as to the jurisdiction of the court of the persons of the defendants.

The present cause of action is one for a maritime tort.  The

members of a ship are commonly said to be wards of the admiralty, and their rights and wrongs are proper subjects of admiralty jurisdiction. Such jurisdiction, however, is not exclusive with the admiralty courts. It is now settled law that, although Congress has the power to fix and determine the maritime law which shall prevail throughout the country (*Southern Pacific Co.* v. *Jensen*, 244 U. S. 205), the State courts have concurrent jurisdiction with the Federal courts to enforce seamen's rights of action as established by the Federal statutes. (*Lynott* v. *Great Lakes Corporation*, 202 App. Div. 613; affd., without opinion, 234 N. Y. 626; *Panama R. R. Co.* v. *Vasquez*, 271 U. S. 557.)

The Federal statute (U. S. Code, tit. 46, § 688) extends to a seaman who has suffered personal injury in the course of his employment the rights and remedies given by Congress to railroad employees. (*Panama R. R. Co.* v. *Johnson*, 264 U. S. 375, 389.) The Federal Employers' Liability Act (U. S. Code, tit. 45, §§ 51–59), which is applicable to railroad employees, imposes liability on the employer for acts of fellow-servants resulting from negligence. The word "negligence" has been defined to include assaults. (*Jamison* v. *Encarnacion*, 281 U. S. 635, affg. 251 N. Y. 218.)

While this court is one of limited jurisdiction and may not take unto itself jurisdiction beyond that conferred upon it, the power to entertain actions of this nature is expressly given by statute. Section 16 of the New York City Court Act reads as follows: "The City Court of the City of New York shall have original jurisdiction concurrent with the Supreme Court of the State of New York in the following cases: * * * (6) In a marine cause, as defined in this article, irrespective of the amount sought to be recovered." Marine causes are defined by section 17, subdivision 2, of the New York City Court Act to include "an action in favor of or against a person belonging to or on board of a vessel in the merchant service to recover damages for an assault, battery, or false imprisonment, committed on board the vessel, upon the high seas, or in a place without the United States."

From the foregoing it follows that this court has jurisdiction of the action. The motion to dismiss the complaint is, therefore, denied, with ten dollars costs. Order signed.