Harrison S. Jackson, J.
Plaintiff is a Greek seaman who was allegedly employed by one of the defendants as a second mate and thereafter nnjustifiably reduced in pay and grade to an able-bodied seaman. His complaint states two causes of action: unpaid wages based on the difference in pay, and statutory penalties. The defendants are, respectively, a Liberian steam *125 ship company doing business in New York, and its United States agent, a New York corporation.
The contract of employment was executed in Greece and written in Greek. It provided, inter alia, that Greek law would govern and that Greece would be the exclusive forum for any disputes arising out of it.
Based on this provision, defendants move to dismiss on the grounds that this court has no jurisdiction over the first cause of action, which is for unpaid wages. Defendants concede that this court has jurisdiction over the second cause of action, which is for penalties for unpaid wages under sections 596 and 597 of title 46 of the United States Code; but they contend that this must be severed and await a prior adjudication of the first cause of action in Greece. Further, they contend that the first cause of action should not be based on unpaid wages, but on a disrating.
If it were not for the exclusive jurisdiction clause, there would be no question but that the action is maintainable in this court. State courts have concurrent jurisdiction over suits brought by seamen under Federal statutes. (M. & T. Trust Co. v. Export S. S. Corp., 143 Misc. 1, revd. 236 App. Div. 415, revd. 262 N. Y. 92, cert. denied 290 U. S. 650; Norton v. Southern Ry. Co., 138 Misc. 784; McConnell v. Williams S. S. Co., 142 Misc. 269, revd. on other grounds 143 Misc. 426.)
But a clause in a contract which attempts to confer exclusive jurisdiction upon the courts of another State or country to the exclusion of New York courts will be declared void as against public policy, if it is attempted to be set up as a bar to an action otherwise maintainable in New York. (Kyler v. United States Trotting Assn., 12 A D 2d 874, appeal denied 12 A D 2d 1004.) This does not constitute a deprivation of property rights. Freedom of contract although a sacred right, is not an absolute one. Since seamen have always been considered as special wards of the courts, their contracts can be invaded, especially when the purpose is to protect their wages. (Patterson v. Bark Eudora, 190 U. S. 169.)
Consequently, this court holds that the exclusive jurisdiction clause constitutes no bar to the first cause of action.
As an additional reason, without deciding the point, if as defendant contends, the first cause of action should really be for a disrating and not for unpaid wages, the same result would obtain. A disrating whether justifiable or not, results in an abrogation of contract and of course the exclusive jurisdiction clause would fall as part of it. (See Butler v. Pacific Mail S. S. Co., 290 F. 806.)
*126 Furthermore, section 597 of title 46 of the United States Code has been held to apply to any foreign seaman employed on a foreign vessel regardless of any contrary contractual clause, provided only that the vessel touch port in the United States. (See Strathearn S. S. Co. v. Dillon, 252 U. S. 348; Lakos v. Saliaris, 116 F. 2d 440.)
Lauritzen v. Larsen (345 U. S. 571) upon which the defendants rely, does not compel a different result. In that case, the question was concerned with what substantive law controlled the rights of the parties; this court is only deciding the question of jurisdiction over subject matter.
Accordingly, defendants’ motion to dismiss is denied.