LOUIS LINDHEIM and Others, Respondents, *v.* THE MANHATTAN RAILWAY COMPANY and THE METROPOLITAN ELEVATED RAILWAY COMPANY, Appellants, and JOHN L. LINDHEIM and Others, as Trustees, etc.

*Authority of an attorney to bring an action — heirs not entitled to maintain an action for damages to realty, the title of which is in trustees.*

An action to recover past damages to realty belonging to a testator's estate, the title to which is in testamentary trustees, cannot be maintained by the testator's heirs, unless the trustees have refused to protect the rights of the heirs.

The complaint in an action brought in the names of the heirs of a testator (the title to whose realty was by his will given to trustees), and by certain other parties who had no interest in the estate, to recover, from elevated railroad companies in New York city, past damages to realty belonging to the testator's estate, was verified by one of the plaintiffs who had no interest in the action

and as to whom it was dismissed on the trial, and not by any of the heirs; the attorney who brought the action claimed to have a retainer from the heirs, but did not produce it, and although he claimed to have had a conversation with one of the heirs in respect to bringing the action, could give none of the particulars.

*Held,* that no authority in the attorney to bring the action for the heirs was established.

That an allegation in such complaint, that the trustees had "refused and declined to be made parties plaintiff in this action and they are made defendants for that purpose only," and proof tending to show that the only action which the trustees were requested to join in was represented to them to be in behalf of a party who had no interest in the estate, did not show that the trustees had refused to bring any action in the interest of the estate, and hence did not entitle the heirs to maintain the action.

Appeal by the defendants, the Manhattan Railway Company and the Metropolitan Elevated Railway Company, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 3d day of March, 1892, upon a verdict rendered at the New York Circuit in favor of the plaintiffs, Louis Lindheim and others, and of the defendants, John L. Lindheim and others, as executors and trustees under the last will and testament of Moses Lindheim, deceased, and from an order entered in said clerk's office on the 1st day of April, 1892, denying a motion for a new trial, made upon the minutes.

*R. L. Maynard,* for the appellants.

*E. W. Tyler,* for the respondents.

Van Brunt, P. J.::

This action was brought to recover damages for the operation of the defendants' railroad in front of premises located on the southwest corner of Broome street and South Fifth avenue, from the 15th of May, 1882, to the 22d of April, 1884.

It appeared that in 1867 the property was purchased by one Moses Lindheim and Bernard Stirn. Bernard Stirn subsequently, in May, 1882, conveyed to his brother, Samuel Stirn, half of his interest in the property. In 1871 Moses Lindheim died, leaving a will, whereby he devised all his estate, real and personal, to his executors in trust. Letters testamentary were issued to Bertha Lindheim, his widow, John L. Lindheim, his brother, and to Jacob

Bookman on the 23d of March, 1871.   Bertha Lindheim having died on the 26th of February, 1884, one Samuel Cohen, was appointed executor and trustee in accordance with the provisions of said will.   The trustees were empowered to sell any real estate of which Moses Lindheim died seized and possessed ;  and in March, 1884, the trustees under said will sold, and by deed executed by them, conveyed to Bernard Stirn their half interest in the premises in suit, in which deed the heirs of Moses Lindheim joined.   From this date Bernard Stirn was the owner of three-fourths, and his brother Samuel of one-fourth of the premises.   On the 25th of January, 1888, a suit was brought by the Stirn brothers against these defendants in which they recovered past damages upon the property for the amount of their interest in the same for the period between January 5, 1882, down to the time of trial in June, 1888. In May, 1888, this action was commenced by the service of a summons, in which the Lindheim heirs and the Stirn brothers were made plaintiffs, and the executors and trustees under the will of Moses Lindheim and the Manhattan Railway Company and the Metropolitan Elevated Railway Company were made defendants, to recover the damages sustained by that portion of the property owned by the Lindheim estate from the 15th of May, 1882, to the 22d of April, 1884, the day on which the Lindheim half interest was conveyed to the Stirns.   The complaint was verified by Bernard Stirn, who it is conceded had not the slightest interest in the controversy, and as to whom the complaint was dismissed upon motion of the defendants.   The case was subsequently submitted to the jury, who rendered their verdict, and from the judgment thereupon entered, and from an order denying a motion for a new trial, this appeal is taken.

It is urged upon the part of the appellants that it was error to deny the motion to dismiss the complaint, substantially upon two grounds :  first, that no authority whatever to bring the action was established ;  and, second, that even if such authority had been established, the title to the property being in the trustees of Moses Lindheim, his heirs could not maintain the action.

It seems to us that the case is absolutely devoid of any proof of authority on the part of the attorneys to maintain this action.   The complaint was verified by a party who had not the slightest interest in the action, and as to whom it was dismissed.   And, although it

was stated by the attorney claiming to be the counsel for the Lindheim heirs that he had a retainer from those heirs, he seems to have been unable to produce it; and, although he claimed to have had a conversation with one of the heirs in respect to bringing the action, it was impossible for him to name which one, or when, or where. In fact, so far as the case shows, there does not seem to have been a particle of authority conferred upon the attorneys to bring the action.

But even if there had been such authority conferred by the heirs, the title being in the trustees, the suit must be brought by them unless they had refused to protect the rights of the heirs, and of this there is neither allegation nor proof.

It is attempted to bolster up this action by a claim, which is an afterthought, of a refusal upon the part of the trustees to bring any action in the interest of the estate. We say this was an afterthought because no such allegation was contained in the complaint. If it is claimed that the last clause of the sixteenth paragraph of the complaint is such an allegation, a mere inspection of it will show that it is not. It is as follows: "That said executors and trustees have refused and declined to be made parties plaintiff in this action, and they are made defendants for that reason only." They had a right to refuse to allow these self-constituted attorneys to bring an action in their name. They had a right to bring and control the action themselves, and could not be compelled to accept these self-elected attorneys, because the attorneys appearing in the action do not even seem to have been selected by the heirs. That this is all the request that ever was made upon these trustees is apparent from the letter of the attorneys of the 21st of April, 1888. They say, writing to one of the trustees: "We are about to bring an action *for the Stirns* to recover damages," etc.

What interest had these executors in any action to be commenced by the Stirns to recover damages? They were not required to be mixed up with the Stirns in their case. There is no pretense that they were acting then on behalf of the heirs of Moses Lindheim, or that it was in the interest of that estate that the suit was to be begun. They then go on and say: "As the people representing the Lindheim estate are necessary parties to the action we must make you parties either plaintiff or defendant, whichever you prefer.

Please let us know whether we shall make you and the other executors coplaintiffs with us and recover for your half of the damages, or make you defendants? We should be glad to see you at your earliest convenience about this matter as the time is passing away for which we can recover, and the longer we wait the less recovery there can be." Then, on the seventh of May, in another letter they say : "Will you please call and see us to-morrow. We have heard from the Lindheims and they want us to bring suit." This is the first that had been heard in regard to the Lindheims, and so far as this case shows, there is no legal proof that anything had ever been heard from the Lindheims.

It is true that the attorney testified that his recollection is very distinct that he made an application to be allowed to bring a suit; that there was no doubt in his mind about that whatever,; and that it was in the form of a letter addressed to them and signed as attorney for the Lindheims. But no such letter has been produced or proven, and it seems to us that this testimony is the witness' construction of the letters which have been produced and are contained in the case.

Now, actions cannot be maintained upon such a basis as this. There must be some foundation. It is evident that the origin of this action was to recover on behalf of the Stirns, and that these other people were brought in without notice to themselves and without right.

That the action was Stirns' action is evidenced by the fact that he verified the complaint, and that all the request that was made upon the trustees was that they should be made plaintiffs, or otherwise be made made defendants in the Stirns' action.

There is no intimation in any of the correspondence that they were appearing on behalf of the Lindheims, to commence an action to protect their rights. And it is a significant circumstance that although one of the plaintiffs was examined as a witness there was no attempt made, after the original authority of the attorneys to appear for the Lindheim heirs had been questioned, to prove any such original authority.

We think, therefore, that there was no proof which entitled these parties to bring the action in question, and that the motion to dismiss should have been granted.

The judgment should be reversed and new trial ordered, with costs to appellants to abide the event.

O'Brien and Follett, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.