MARY ARMSTRONG, Appellant, *v.* FRED HERMAN and Another, Respondents.

First Department, April 11, 1930.

*Donald Marks,* for the appellant.

*Joshua Haberman* [*Joseph Z. Wechsler* with him on the brief], for the respondents.

McAVOY, J. Plaintiff's complaint was dismissed at Trial Term on the ground that no cause of action had been proven.

The action is to recover damages for fraud. The defendants are alleged to have made certain misrepresentations to the plaintiff

with respect to the business done and the profits earned in a delicatessen store which plaintiff had purchased from them, relying on such representations.

Plaintiff, prior to November, 1926, had been private secretary to a railroad president, and she resided in the neighborhood of a delicatessen store which defendants operated. She intended making an investment in some business in October, 1926, and asked defendants if they knew of a delicatessen business similar to their own which was offered for sale. Defendants stated that their own store was for sale, and named a price of $7,500 and stated that the price was based upon the fact that the weekly receipts were at the rate of $750 and that they multiplied such weekly receipts by ten for the purpose of arriving at a sale price. Defendants represented that this business showed them about $125 profit clear each week; that their main source of profit in the business was a steam table which they operated.

Plaintiff asked for and obtained leave to come into the store for a time to watch the operation of the business. The following morning plaintiff was informed that she would have to make a cash deposit of $300 to be forfeited if she did not carry out her proposed purchase. She asked leave to have an accountant go over defendants' books to determine whether she had sufficient funds to operate. Thereafter an accountant, employed by plaintiff, asked defendants for their books and he was informed that they had none but that the accountant might examine the cash register and the daily bills. The accountant was also informed that there was no income tax return made by the defendants and, therefore, none to be examined. The accountant also asked questions regarding prices of goods, but defendants said they were not familiar with the various costs and knew only that they took in $750 a week, of which thirty per cent was gross profit.

One of the defendants, Fred Herman, gave to plaintiff and the accountant a written statement of the receipts and expenses. It is on that statement that it is claimed the misrepresentation was made, and on which this action is founded. This showed a net income of $415 per month.

Plaintiff on October 29, 1926, posted her $300 in cash and told defendants she would come to the store Monday, November first, for a trial of one week. During the week the plaintiff kept a book in which she entered each bill and each receipt that she had herself observed. The first week showed a total operating cost for the week of $638.69, against total receipts in the cash register of $893.72, leaving a profit of $255.03. The operating costs were kept apart from the food costs, which latter came to $469.95. The

receipts which were claimed to be indicated on the cash register were totalled each evening by the defendant Mary Buttner and the plaintiff. It was alleged that they represented the actual amount of sales during the day. Plaintiff did not know whether the figure arrived at represented the amount of money from customers or not. During the trial week, plaintiff remarked that the earnings seemed exceptionally high, and defendants replied that, except for about $40 worth of goods which they would have put in had it not been for the possibility of selling the place, the week was a normal one. There were no other books kept in the store during this trial week, except the book kept by plaintiff.

The following Monday plaintiff informed the defendants she would buy the store, and a sublease was prepared from defendant Buttner to plaintiff, and thereafter the sale was closed at the office of defendants' attorney. Plaintiff received a bill of sale, gave back a chattel mortgage with notes aggregating $3,500, the first of which matured a month later, December 9, 1926.

The defendant Buttner remained in the store for part of the following week, and the defendant Fred Herman continued there also until the following Sunday. Herman hired a manager of the store for plaintiff on November 15, 1926. Plaintiff kept a cash book from November 10, 1926, to March 17, 1929. Pages of the books for November and December, 1926, were received in evidence. On the first day the receipts totalled $109, and on the following day they dropped to $75. Thereafter, on November twelfth, thirteenth and fourteenth, while defendants were still in the store, the receipts were again over $100 per day. Beginning Monday, November fifteenth, after defendants left the store, the receipts dropped far below $100. The average weekly receipts after that were slightly over $600. After the departure of the defendants the receipts averaged about $622 per week. The daily receipts, except Saturdays and Sundays, were $70 and $80.

The representations that plaintiff claims she relied upon and without which she says she would not have purchased the store, were that the steam table was the main source of income; that the premises were free from health department violations; and that the monthly receipts approximated $3,400.

During the course of the trial the plaintiff offered testimony regarding one of the notes given by her to the defendants and presented for payment by one Benjamin Weiss. It seems that suit was brought by Weiss upon this note, and that the court on the trial in this case excluded the offer of the record in the action brought by Weiss. Plaintiff offered testimony to connect Weiss' action with the present action to show that the defendants here

were the real parties plaintiff in the Weiss action, and were bound by that judgment. She offered testimony with respect to a telephone call from defendant Fred Herman on December 9, 1926, when the Weiss note was presented to plaintiff, to show his interest, but it was excluded. Plaintiff's attorney inquired as to whether Herman did not personally pay the costs assessed against Weiss in the Municipal Court, which testimony was excluded. Plaintiff further offered in evidence a notice from defendant Mary Buttner to plaintiff, by which said defendant elected to terminate the lease on the premises at 190 Ninth avenue by reason of plaintiff's failure to pay the notes due December 9, 1926, through February 9, 1927, inclusive, the first of which was the note presented and sued on by said Weiss. This was excluded. The court also excluded testimony of plaintiff with reference to a statement of defendant Fred Herman in the Weiss action as to who plaintiff was in said action and what the interest of defendant Buttner was therein.

The court also excluded plaintiff's attempt to show that the steam table was not a source of profit, but was actually running at a loss.

We think that the proof of plaintiff, as thus outlined, made out a *prima facie* case of misrepresentation of facts and the falsity of such statements, the presumptive knowledge of such falsity and reliance of plaintiff thereon. Plaintiff's exhibit showing the monthly income at $3,400, of which thirty per cent was alleged by defendants to be gross profit, is a clear statement of fact. It further represents that the monthly expenses amounted to $474.50 and that the deduction in addition thereto of the salary of a manager left a net worth of $415 per month.

It was proper for the jury to draw the inference that the drop in receipts immediately upon defendants' leaving the store after Sunday, November 14, 1926, was due, not to a sudden interruption of receipts in the business, or because of a change in management, but to a prior " padding " of the receipts of the cash register during the trial week. The representations as to receipts and expenses made by the defendants were evidenced by the statement. The complete testimony of receipts and expenses for the seven weeks after the sale warranted a deduction as a matter of fact that the representations of the sales and expenses prior to the sale of the store were designedly false.

It is proper to consider as a circumstance, on the question of the truth of the representations, that there was found to be a marked discrepancy between the amount in value of the business after the sale and the state of the business as represented by the defendants prior thereto.

It was error besides to exclude the record of the Municipal Court action and the testimony offered to connect that action with the defendants in this case. By thus excluding the record, plaintiff was prevented from establishing an adjudication in her favor as against defendant Mary Buttner. The court excluded the record, including the judgment roll, in the so-called Weiss action. Testimony was offered intended to show that in that action, brought by Weiss upon the first note given by plaintiff to defendants, in which action plaintiff here interposed the defense of fraud, a jury verdict was rendered in favor of this plaintiff upon said defense. This would have been proof that that judgment was res *adjudicata* in the case now here. The court would not permit the plaintiff to connect the Weiss action with the defendants here, and prevented testimony of an admission of interest of the defendant Fred Herman in the action brought by Weiss. Testimony was also excluded that would show defendant Herman had believed that Mary Buttner, his codefendant, was plaintiff in the Weiss action, and that Mary Buttner had in February, 1927, taken a position inconsistent with Weiss' ownership of the note on which he brought suit.

We think it was also error to exclude proof that the steam table did not operate at a profit. Plaintiff had kept an analysis which she herself made of the operation of the steam table from November, 1926, to January, 1927. This analysis was excluded and she was prevented from testifying that she herself had kept a record of receipts, sales and expenses of the table during the months covered by the analysis.

The court also excluded testimony of an accountant with respect to the cost of the operation of the steam table in order to show that the department operated at a loss.

We think, however, that the plaintiff's motion to amend the complaint so as to set forth an equitable cause for cancellation of the notes was properly denied. Plaintiff is suing for damages under a contract which she elected not to rescind. She continued to affirm the contract until the day of the trial, when she asked the court to rescind part of the contract and affirm the rest. The amendment was to the effect that the notes that she had given as part of the purchase price should be surrendered for cancellation. She had a defense against the enforcement of the notes induced by the fraud when the notes were sued upon. If she elects an action for deceit in tort, she cannot proceed with the remedy of rescission. If rescission is the remedy elected for suit, it must rest entirely on that ground and not merely partly. If affirmance of the contract is elected, it must be of all of the terms and conditions of the con-

tract. When a party rescinds a contract, the law does not permit him to continue to regard the contract as subsisting for the purpose of claiming damages. Where the law remedy of damages is taken to enforce the contract, an election not to rescind is deemed conclusive. The declaration of damage here affirms the contract, while a declaration demanding the surrender of the notes for cancellation would disaffirm it.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MERRELL, O'MALLEY and SHERMAN, JJ., concur; DOWLING, P. J., dissents.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.