VINCENT R. KELLY et al., on Behalf of Themselves and All Other Members of the Policemen's Benevolent Association of Westchester County, Inc., Similarly Situated, Respondents, v. POLICEMEN'S BENEVOLENT ASSOCIATION OF WESTCHESTER COUNTY, INC., Appellant.— In an action to restrain expulsion of members of a membership corporation, the complaint alleges that certain provisions of the constitution and by-laws were repealed by the action of less than the two thirds of the executive body required by the constitution and by-laws, in that the appellant corporation for a long period recognized amendment by such method. Order denying appellant's cross motion, under rule 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, affirmed, with $10 costs and disbursements. Paragraph ninth of the complaint contains an allegation that the constitution and by-laws were duly amended. (*People ex rel. Crane* v. *Ryder,* 12 N. Y. 433.) Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.

■

SABINO J. LA VEGLIA, Respondent, v. ROSE GUIDICE et al., Appellants.— In an action to recover damages based upon fraudulent representations in connection with the purchase of a business, its fixtures and equipment, judgment in plaintiff's favor, after trial by the court, without a jury, unanimously affirmed, with costs. In our opinion the proof sustains the finding that the loss of the business so purchased was the result of appellants' misrepresentations and that respondent is entitled to recover the prospective profits thereof during the remainder of the term of the lease which appellants sold to him. (*Snow* v. *Pulitzer,* 142 N. Y. 263; *Bagley* v. *Smith,* 10 N. Y. 489; *Schile* v. *Brokhahus,* 80 N. Y. 614.) Present — Carswell, Johnston, Sneed and Wenzel, JJ.; Nolan, P. J., not voting.

■

JOSEPH NOVICKI et al., Respondents, v. ASHER HOLESTON, Appellant.— In an action to recover damages for personal injuries arising out of a collision between plaintiff Novicki's motorcycle and defendant's parked automobile, the latter appeals from a judgment in favor of plaintiffs. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Adel, Sneed, Wenzel and MacCrate, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRVING FRIEDLANDER, Appellant.— Appeal by defendant from a judgment of conviction, stated to have been entered in the office of the clerk of the City Magistrates' Court of the City of New York, Gamblers' Court, Borough of Brooklyn, on November 9, 1950, dismissed. Although the extract from the clerk's minutes printed in the record includes a notation to the effect that the "Date of Disposition" was November 9, 1950, the record otherwise clearly discloses that the judgment from which defendant attempts to appeal was rendered against him on March 30, 1950. The notice of appeal, though not dated, obviously was served subsequent to November 9, 1950, more than thirty days after the judgment was rendered. (Code Crim. Pro., § 521.) Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.