Jacob J. Schwartzwald, J.
This is a motion by the third-party defendant to dismiss the third-party complaint upon the ground that the attorney appearing for the third-party plaintiff did not have authority or consent of the third-party plaintiff to institute said action and on the further ground that the said complaint was not properly verified.
Although the notice of motion does not specify the objections to the third-party complaint which are the basis of the instant motion as required by section 280 of the Civil Practice Act, this preliminary objection is overruled. The 'affidavit attached to the notice of motion clearly and distinctly sets forth the grounds upon which the motion is predicated.
In the main action plaintiff sues to recover damages for personal injuries sustained by her as the result of a collision between the automobile owned and operated by her husband John Schiro (third-party defendant), in which she was a passenger, and the automobile owned and operated by defendant Coppola.
The main action was instituted by plaintiff against the defendant Frank Catania, as president of the Joint Board of Shirt, Leisure Wear, Robe, G-love and Rainwear Workers Union (hereinafter referred to as the “ Union ”) and defendant Coppola but not against plaintiff’s husband John Schiro.
A third-party complaint by defendant Union as third-party plaintiff, was served upon John Schiro as third-party defendant, pursuant to section 193-a of the Civil Practice Act seeking a recovery over on the ground that John Schiro was the active tort-feasor and that the Union, as a passive tort-feasor, might be cast in damages merely by reason of its status as the employer or principal of said Schiro.
In his moving affidavit, John Schiro asserts that at the time of the accident he was an employee of the Union and was operating his car in the course of his employment; that the Union had a liability insurance policy issued to it by a named insurance company, insuring it against damages arising out of automobile accidents involving automobiles owned and operated by employees of the Union. The policy was in full force and effect at the time of the accident and that he was one of the named employees insured under the terms of the policy.
John Schiro also avers that he “ discussed ” this matter with his superiors and with the officers of his employers (Union) who “ informed ” him that it was not their policy to seek indemnity from their employees who are involved in accidents during the course of their employment; and that he was ‘ ‘ advised ’ ’ by the officers of the Union “ that the third party plaintiff has never been consulted by the office of ” the insurance company attorneys *1035 “as to whether or not it was their intention or desire to bring this third party complaint against ” him.
It is further stated by said John Schiro, upon information and belief, that the pleading under attack is improperly verified by one of the attorneys representing the Union, in that the president or any other officer of the Union could have been reached for the purpose of verifying the pleading through the latter’s office which was located in the same county as the office of the attorneys representing the Union, notwithstanding that the said president resides in the County of The Bronx; that the office of the Union’s attorneys made no effort whatsoever to contact the third-party plaintiff.
The supporting affidavit of Philip E. Lagaña, attorney for the third-party defendant, simply reiterates the averments of his client. He also states that from conversations had by him with the third-party defendant, the officers of the Union, the latter’s personal attorneys as well as with the attorney representing the Union in this action “ he is convinced ’ ’ that the institution of the third-party action was unauthorized by the Union or any of its officers; that if consulted, the Union would not have authorized such an action and further that if the third-party complaint had been submitted to them for verification that this too would have been refused.
The attorney for the insurance company takes the position that the commencement of this third-party action without knowledge, consent or authorization of the Union’s president “ has no bearing on the complaint in this action which is sought to be dismissed, and is a matter solely for the insurance company and its insured * * * and is covered by the terms and conditions of the insurance policy issued to the said defendant third party plaintiff.” In other words, it is contended, in opposition, that the third-party defendant may not have a dismissal of the pleading by challenging the authority of the attorney to bring the third-party action.
It is stated in Corpus Juris Secundum (Vol. 27, Dismissal and Nonsuit, § 57, p. 215): “That a suit is instituted without authority of the person in whose name it is brought is ground for a dismissal * * *. A motion to dismiss is the proper procedure where the authority of the attorney appearing for plaintiff is challenged; and the suit will be dismissed where a sufficient showing of lack of authority is made.” (Emphasis supplied.) (See, also, 18 C. J., Dismissal and Nonsuit, p. 1182, n. 69; Lindheim v. Manhattan Ry. Co., 68 Hun 122.) A defendant has the right to raise this objection. (Voron & Chait v. Benguiat, *1036 162 N. Y. S. 974, 975; C. J. S., Attorney and Client, § 74, subd. b, p. 884.)
In accordance with the foregoing authorities there is no doubt that the movant herein has chosen the correct method of challenging the authority of the attorney to institute the third-party action herein. However, the affidavits read in support of this motion fall far short of making a sufficient showing of lack of authority.
The report by the movant as well as by his attorney of their respective conversations with various persons as set forth above and their expressions of belief and conviction of the lack of authority is pure hearsay and cannot be accepted as a prima facie showing of the lack of authority complained of. There is not a single word from the Union president or any of its officers directly substantiating the charge of the movant.
Assuming, as we may, that the attorney for the insurance company is the attorney for the insured Union, and as such has the authority to conduct the defense of any action against it, there is no showing in opposition to the instant motion that the said attorney had authority to institute or conduct a suit brought by the Union.
If the automobile liability insurance policy issued in the case at bar contains the usual “ cooperation clause ” then the insured Union could refuse to authorize or verify a third-party complaint in its name against its own employee who drove the car involved in the accident.
The Court of Appeals has constructed such a clause to mean co-operation in suits against the named insured and not cross suits against another (American Sur. Co. of N. Y. v. Diamond, 1 N Y 2d 594).
If, on the other hand, the policy issued in the case at bar contains specifically clear language authorizing the filing of cross complaints against persons liable over to the original defendant, then this third-party suit would be properly brought (American Sur. Co. of N. Y. v. Diamond, supra, p. 600). However, the record herein is completely barren in this respect.
I have considered, but find of no merit, the contention that the movant has waived his right to object to an unauthorized verification of the third-party complaint for untimeliness. Section 253 of the Civil Practice Act does not apply to a situation such as is presented here.
Accordingly, under all the circumstances herein, the instant motion is denied with leave however, if the third-party defendant be so advised, to renew upon proper papers.
Settle order on notice.