Jambs E. Mtjlcahy, J.
This is an action against a surety upon an undertaking given in a Supreme Court action pursuant to section 893 of the Civil Practice Act in connection with the issuance of an injunction pendente lite.
The plaintiff in the Supreme Court instituted three actions against the same defendant, who is the plaintiff here. The undertaking in suit was written in the second of these actions, hereinafter described as action No. 2. The pertinent portions thereof read as follows:
“ Whebeas, by order dated the 23rd day of October, 1953, the Honorable Benedict D. Dineen granted an injunction in the above entitled action, restraining the defendant G-bace Hobson Htjmbeb from withdrawing and disposing of funds in account No. 257696 in the Fifth Avenue Branch of the Bowery Mutual Savings Bank pending the determination of the above action, upon condition that bond herein be filed;
*266 “ Now THEREFORE, NATIONAL SURETY CORPORATION, a NeW York Corporation having an office and place of business in the City, County and State of New York, does hereby, pursuant to the statute in such case made and provided, undertake in the sum of Four Thousand and 00/100 ($4,000.00) Dollars, that the plaintiff will pay to the defendant so enjoined, such damages, as she may sustain by reason of said injunction, and costs and expenses she may incur in the defense of the above entitled action, not exceeding the before mentioned sum, if the court finally decides that the plaintiff was not entitled thereto, such damages, to be ascertained and determined by the court, or by a Referee appointed by the Court, or by a writ of inquiry, or otherwise as the Court shall direct.”
Action No. 2, in which the undertaking was written, was dismissed and a judgment of dismissal was entered accordingly. The ground of the dismissal was the pendency of a prior action. It may be said at the outset that the dismissal of action No. 2 upon this ground at once entitled the defendant therein (plaintiff here) to sue upon the undertaking. It is immaterial that such dismissal was for a technical instead of a substantive reason. Although the said plaintiff became entitled to commence a new action as soon as the first of the actions was out of the way, nevertheless the dismissal of action No. 2 effected a dissolution of the temporary injunction which had been granted therein. Immediately also upon the dismissal of action No. 2 the liability of the surety under the said bond accrued. The dismissal, for whatever reason, of action No. 2 was a final determination that the plaintiff therein was not entitled to the temporary injunction which she had obtained. It seems manifest that she was not entitled to a temporary injunction in an action which she should not then have brought and therefore could not successfully maintain.
After the dismissal of action No. 2 the same plaintiff instituted action No. 3 against the same defendant, the suit which was the first in point of time (action No. 1) having in the meantime been disposed of by discontinuance. Curiously enough, instead of drawing a new complaint for action No. 3, the plaintiff in that case served upon the defendant (the plaintiff here) a carbon copy of the complaint in action No. 2. This is an immaterial fact. Action No. 2, already disposed of by an order and judgment of dismissal, was not revived by the service of this complaint; rather, such service effected the institution of a new lawsuit. Notwithstanding the fact that the temporary injunction which had been issued in connection with action No. *267 2 was in effect dissolved, the plaintiff’s attorney in these three successively instituted Supreme Court cases wrote a letter to the bank mentioned in the bond and in which the defendant (plaintiff here) was a depositor, advising it in substance that such injunction was still in effect, although this definitely was not the case, and instructing it to continue to hold the account of the said defendant subject to the said injunction. No new temporary injunction was obtained in action No. 3. The bank did continue to hold the account subject to such temporary injunction, apparently because the said defendant acquiesced in the position taken by the said plaintiff’s attorney, and made no demand upon the bank for the money, though it is apparent that she was greatly inconvenienced by her inability to reach her account, having to make loans in order to meet her current expenses, at a substantial cost to her. Action No. 3 resulted in a judgment on the merits in favor of the said defendant. Thus the party who brought these Supreme Court actions and who procured the undertaking in hand did not succeed in any one of them against Grace Hobson Humber, who is the plaintiff here. I consider irrelevant here the outcome of action No. 3 against one Charles Humber, who was also a defendant in that case.
The plaintiff in the present case, who was thus a defendant in each of the three Supreme Court actions, now contends that she is entitled to recover upon the undertaking which was given in action No. 2 not only her damages therein but also those, in a considerably larger amount, which she sustained in connection with action No. 3. I cannot agree with that contention, although I recognize the hardship which is involved. The liability of the surety sued herein is strictissimi juris and may not be extended to include or relate to an action to which the undertaking in suit does not by its express terms or by fair implication apply. The surety wrote the undertaking in and for action No. 2. Its liability was fixed and determined by and at the time of the dismissal of that case. Any form of estoppel which might conceivably be invoked against the Supreme Court plaintiff by reason of her avowals or those of her attorney that the injunction continued to hold good for action No. 3 is not applicable to the defendant here which had no part therein by itself or through any authorized agent. Although the surety is now and in this action represented by the same attorney who acted for the plaintiff in the various Supreme Court cases, probably because the latter had furnished security to the surety and is therefore the ultimate party in interest, nevertheless the *268 judgment here may go only against the surety and I may not now look beyond this named defendant to one who is not here a party. That the surety is probably in a position to reimburse itself out of collateral security which the plaintiff in the Supreme Court actions had left with it is nothing of which I may take cognizance in this action at law.
Plaintiff’s recoverable damages under this bond are therefore limited to those which she sustained in action No. 2. The evidence showed that her reasonable and necessary expenses for attorney’s fees in that case were $1,500.
It is contended also by the defendant that under section 894 of the Civil Practice Act, and particularly in view of the language of the bond, the plaintiff may not sue here at all but should have had her damages ascertained in the Supreme Court action in which the temporary injunction was issued. It is true that if the undertaking be read literally it may seem to have such a limiting effect. But section 894 of the Civil Practice Act, the language of which was followed in the undertaking, has been held to be permissive only and not to bar a separate suit at law (Fuller v. American Sur. Co., 153 Misc. 432; cf. Bolton v. Thacher, 126 Misc. 675; Glove City Amusement Co. v. Smalley Chain Theatres, 167 Misc. 603). Indeed, the plaintiff had a choice of remedies. She was free to choose between having her damages assessed in the action wherein the injunction was obtained and the bond written, as provided by section 894 of the Civil Practice Act and as indicated in the bond itself, and bringing a separate suit. That section 894 does not provide an exclusive remedy is apparently settled law. Any provision in this bond that no plenary action thereon could be instituted, and which would have the intended effect of limiting this plaintiff to an assessment of damages in the court and case for which it was written, would, in my opinion, be unenforcible. Parties who make a binding contract are not free to choose the particular court in which it may be enforced, thus ousting of jurisdiction all other courts. A contract is necessarily enforcible in any court of competent jurisdiction within the State, and any contractual stipulation to the contrary is against public policy.
Included within the complaint is also a suit upon a certain undertaking on appeal to cover costs and disbursements. The parties have agreed that these amount to $145.79.
Judgment may be entered herein in favor of the plaintiff and against the defendant in the sum of $1,645.79, with interest upon $1,500 from January 4, 1954, and with interest on $145.79 from October 30, 1956.
*269 Execution is stayed for 30 days after service of notice of entry of judgment.
Ninety days to make a case.
Settle findings accordingly or file stipulation waiving further findings.