Charles J. Beckinella, J.
TMs is a motion to dismiss a tMrd-party complaint, made by the tMrd-party defendant on the ground that the attorney who appears for the third-party plaintiff is without authority to institute the third-party action and on the corollary ground that the tMrd-party plaintiff has never authorized the tMrd-party action.
The instant controversy had its origin in an automobile accident. Mrs. Minrne Ulanoff, a passenger in an automobile operated by her husband Samuel Ulanoff, but owned by Croyden SMrt Co. Inc., was injured when that automobile collided with another automobile. Mrs. Ulanoff sued the Croyden Shirt Co. and the owner and operator of the vehicle with which the Croyden Shirt Co.’s automobile collided. Mrs. Ulanoff did not sue her husband. However, he 'has been served with a complaint in wMch he is named as the tMrd-party defendant. The third-party plaintiff is Croyden Shirt Co. Inc.
Mr. Ulanoff now moves to dismiss the tMrd-party complaint on the ground that the attorney who appears for the Croyden Shirt Co. Inc. has not been authorized by that corporation to commence the tMrd-party action. Mr. Ulanoff states in Ms *15 affidavit supporting Ms motion that he is the principal stockholder and president of the Croyden SMrt Co. Inc.; that the attorney who purports to represent the Croyden Shirt Co. has never "been authorized "by Mr. Ulanoff, nor anyone else in the corporation, to represent the corporation. Mr. Ulanoff states categorically that the attorney who verified the tMrd-party complaint has no right to state that he is the attorney for the third-party plaintiff.
Mr. Ulanoff states that he is aware that General Fire and Casualty Insurance Co. insured Croyden Shirt Co. and is in control of the defense of the action brought by Mrs. Ulanoff against Croyden Shirt Co. but he contends that the insurance company has no authority to commence an action against him on behalf of the Croyden Shirt Co. for there is no provision in the insurance policy issued by General Fire and Casualty Insurance Company to Croyden Shirt Co. which authorizes such an action.
In opposition to the motion an attorney associated with Walter F. Doyle, the attorney who purports to represent the third-party plaintiff, states that Mr. Doyle was not retained by the third-party plaintiff to institute the tMrd-party action, but was retained “ by the General Fire and Casualty Company to institute tMs action pursuant to a policy of insurance between that company and the tMrd-party plaintiff, Croyden SMrt Co. Inc.”
Clauses 18 and 19 of the insurance policy are set out and provide as follows;
‘ ‘ 18. Assistance and cooperation of the Insured-Coverages A, B, D, E, F, G and H: The insured shall cooperate with the company and, upon the company’s request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of "witnesses and in the conduct of suits. The insured shall not, except at Ms own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident. (Italics added.)
“ 19. Subrogation-Coverages A, B, D, E, F, G and H: In the event of any payment under this policy, the company shall be subrogated to all the insured’s rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do notMng after loss to prejudice such rights.”
In the affidavit submitted in opposition to the motion, it is contended that the phrase “ in the conduct of sMts ” set forth in clause 18 included a tMrd-party action such as has been com *16 menced against Mr. Ulanoff. The trouble with this contention is that it has been resolved adversely to the insurer’s position in the case of American Sur. Co. v. Diamond (1 N Y 2d 594).
In that case the material facts were that an insured refused to verify a cross complaint which would have brought in his mother as a defendant. The mother had been driving the insured’s automobile when it was involved in an accident in which the insured’s father, a passenger in the insured’s car, suffered fatal injuries. Thereafter the mother and another individual, as executors of the father’s will, sued the insured. The insurer retained an attorney to represent the son who thereafter verified an answer to the executors’ wrongful death action prepared by that attorney. Then that attorney tendered to the son for verification a cross complaint to bring the mother into the action individually as the driver of the son’s car. This the son refused to do. The insurer then brought an action which resulted in a judgment declaring that the insurer was not obligated to defend the death action or pay any judgment rendered against the son. Reversing the judgment and dismissing the complaint, the Court of Appeals held that nothing in the “ cooperation clause ” found in the automobile liability policy which the insurer had issued to the son required him to “ cooperate ” in the conduct of cross suits against anyone. Parenthetically, it is observed here that the “ cooperation clause ” in the instant dispute is exactly the same as the one that was construed in American Sur. Co. v. Diamond. “ The purpose of the cooperation clause is to constrain the assured to co-operate in good faith with the insurance company in the defense of claims (Wenig v. Glens Falls Ind. Co., 294 N. Y. 195, 201).” (American Sur. Co. v. Diamond, 1 N Y 2d 594, 598-599.)
In opposition to the instant motion the attorney who verified the third-party complaint argues that American Sur. Co. v. Diamond does not hold that an insurer may not require an insured to institute cross suits under a standard liability policy. The basis for this argument is the second reason stated in the following portion of the opinion in the Court of Appeals (p. 597):
“ That declaratory judgment should, we hold, be reversed for these reasons: first, that the assured, defendant David Diamond, was not required by the policy to verify the cross complaint or otherwise implead his mother; and, second, that even if the policy could be read so to require, David Diamond did all that was needful under the circumstances here related.”
There is no merit to this contention. Judge Desmond prefaced his recounting of the insured’s blameless conduct with *17 the specific statement (p. 599): “ We are not withdrawing from the construction just above given to the policy [that it did not require the insured to co-operate in suits other than those against the insured] when we say, additionally, that on the particular facts here [the insured] cannot be held guilty of any failure to co-operate, whatever the policy may mean.”
Later on (p. 600) it is also stated: “ Since we are holding that this policy does not mandate the signing of a cross complaint ”.
Accordingly, American Sur. Co. v. Diamond (supra) is authority to the effect that in the instant matter the insurer could not have required Croyden Shirt Co. to sign the third-party complaint against Mr. Ulanoff. Of course, that is not what the insurer has attempted. But the procedure it has followed seems to be only a tactic designed to circumvent the holding in American Sur. Co. v. Diamond. It is sophistry to contend that an insurer may hire an attorney to appear for an insured and verify a third-party complaint for that insured without the authority of the insured in the face of a Court Appeals decision which holds that the insurer cannot require the insured himself to sign such a complaint.
The contention that clause 19 of the insurance policy, the “ subrogation clause,” allows the insurer to follow the course it has, is without merit. The same clause was contained in the policy in effect in American Sur. Co. v. Diamond but the Court of Appeals held (p. 598) that the clause meant that “ no right of the insurer over against a person other than the named insured comes into existence except ‘ In the event of any payment ’ under the policy. Till that time comes, the insurer has no right of suit by subrogation or otherwise and till that time there can be no duty of the insured to co-operate in any such additional suit. ’ ’
It is also contended that the insurer may follow the course it has adopted for the reason that if Mrs. Ulanoff can sue the corporation controlled by Mr. Ulanoff without that corporation in turn being able to sue Mr. Ulanoff, there is thus effected a violation of subdivision 3 of section 167 of the Insurance Law which provides that no policy of insurance is deemed to insure against liability of the insured for injuries, to his spouse in the absence of express provision therefor. The answer to this contention is that since the policy of insurance does not require the insured to cross-claim against Mr. Ulanoff, the question of “ interspouse liabilities ” is not reached (American Sur. Co. v. Diamond, 1 N Y 2d 594 597).
If the attorney who purports to represent the third-party plaintiff has no authority to appear for the third-party plaintiff, *18 the complaint is subject to a motion to dismiss at the instance of the third-party defendant. (See Schiro v. Catania, 13 Misc 2d 1033; Voron & Chait v. Benguiat, 162 N. Y. S. 974; Lindheim v. Manhattan Ry. Co., 68 Hun 122; see, also, 1 Thornton on Attorneys, at Law, pp. 423-428, 437-438.)
Accordingly, the motion to dismiss is granted. Settle order on notice.