■ MARK KYLER, Respondent, v. UNITED STATES TROTTING ASSOCIATION, Appellant, et al., Defendants.— Order unanimously affirmed, with $25 costs and disbursements. Memorandum: Plaintiff sued the United States Trotting Association and others to obtain reinstatement as a member of the USTA and to recover damages resulting from his suspension from membership. The USTA appeared specially and moved to dismiss the action as to it on the ground that the court did not have jurisdiction over it. The only question discussed in the opinion of the Special Term was whether the court had jurisdiction over the person of the defendant. Special Term decided that the USTA was doing business in the State of New York and was therefore subject to the jurisdiction of the courts of this State. Upon appeal defendant has abandoned this issue and, in effect, conceded that it is subject to the jurisdiction of the State of New York. The only issue raised upon appeal is whether the court has jurisdiction over the subject matter of the action, the defendant maintaining that the courts of New York do not have jurisdiction because of a provision in the by-laws of USTA that "every member shall be confined in any action * * * against this Association to the jurisdiction of the courts, Federal or State, within which the principal office of the Association is situated". The principal office of USTA is in Columbus, Ohio. The notice of motion did not specify this ground of objection but the supporting affidavit raised the question of jurisdiction over the subject matter in the light of the above-quoted provision in the USTA by-laws. The briefs state that this point was discussed in the argument at Specal Term but Special Term's memorandum makes no reference to it. An objection may be considered even though not specified in the notice of motion if it is raised in the accompanying affdavit (*Schiro* v. *Catania,* 13 Misc 2d 1033; cf. Civ. Prac. Act, § 280; Rules Civ. Prac., rule 62). Appellant's brief recites that the motion was made under subdivision 2 of section 237-a of the Civil Practice Act but that subdivision merely states that an objection to jurisdiction over the person "shall not be waived by joining therewith a motion objecting to the court's jurisdiction over the subject matter". A motion attacking the court's jurisdiction over the subject matter must be made under rule 107 and no such motion has been made here. Under the present state of the New York authorities, a contract or agreement which attempts to confer exclusive jurisdiction upon the courts of another State or country to the exclusion of the New York courts will be declared to be void as against public policy, if it is attempted to be set up as a bar to an action which would otherwise be maintainable in New York (*Sudbury* v. *Ambi Verwaltung Kommanditgesselschaft,* 213 App. Div. 98; *De Gorter* v. *Banque De France,* 176 Misc. 1062, affd. 262 App. Div. 997; *Kent* v. *Universal Film Mfg. Co.,* 200 App. Div. 539; *Parker* v. *Krauss Co.,* 157 Misc. 667, affd. 249 App. Div. 718; 1 Carmody-Wait, New York Practice, pp. 78–79). This is in accord with the majority rule prevailing in other States (6 Williston, Contracts [Rev. ed.], § 1725, pp. 4871–4872; 14 Am. Jur., Courts, § 196, pp. 389–390; 17 C. J. S., Contracts, § 229, p. 603; 56 A. L. R. 2d 300, superseding 107 A. L. R. 1060 and 59 A. L. R. 1445). For the reasons stated above, we affirm Special Term's denial of defendant's motion. (Appeal from order of Erie Special Term denying motion by defendant United States Trotting Association for an order striking out the three causes of action and the prayer for relief.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.