Martin L. **LEV** and Irving Zucker, Plaintiffs,

v.

**AAMCO AUTOMATIC TRANSMISSIONS, INC.,** Defendant.

No. 68–C–217.

United States District Court
E. D. New York.

Aug. 20, 1968.

Allen S. Stim, New York City, for plaintiffs.

Murray L. Lewis, New York City, for defendant.

TRAVIA, District Judge.

Plaintiffs instituted this action to (1) seek recission of a franchise agreement entered into by the Plaintiffs and Defendant on May 18, 1967, and (2) recover damages for loss of profits accruable under either the franchise agreement with the Defendant or a lease agreement with AAMCO Properties, Inc. The Defendant filed an answer raising as its fourth defense the clause of the licensing agreement which reads as follows:

> Licensee further agrees that it will bring any legal proceedings arising out of this Agreement only in the Courts of Record of Philadelphia County, Pennsylvania, including the Common Pleas and the County Courts, or the United States District Court for the Eastern District of Pennsylvania. AAMCO agrees to accept serv-

ice lawfully issued by any such court. Licensee further agrees that in the event it institutes any legal proceedings in any court other than those specified hereinabove, it will assume all of AAMCO's costs in connection therewith, including but not limited to reasonable counsel fees.

■ Plaintiffs move to strike the Fourth Defense under Rule 12(f) of the F.R.Civ.P. The Defendant has cross-moved to dismiss the Complaint. The first question presented is the validity of this clause in a case arising under the diversity jurisdiction of this Court. Since a federal court sits as a court .of the state in these situations, it must apply the law of the forum state in deciding controversies brought before it. "The federal court sitting in a diversity case should assume no more and no less jurisdiction than a state court would if the latter were presiding over the same matter." National Equipment Rental, Ltd. v. Reagin, 338 F.2d 759, 762 (2 Cir. 1964).

■ The New York Courts have consistently held that such agreements, divesting jurisdiction of claims arising under contracts, are contrary to the public policy of this State, and will not be enforced. Kyler v. United States Trotting Ass'n, 12 A.D.2d 874, 210 N.Y.S.2d 25 (4th Dep't 1961); Humber v. Nat'l Surety Corp., 9 Misc.2d 264, 169 N.Y.S.2d 681 (City Ct.1957); Arsenis v. Atlantic Tankers, Ltd., 39 Misc.2d 124, 240 N.Y. S.2d 69 (Civ.Ct.1963).

Although there has been a developing trend both in the federal courts and in the state courts of other jurisdictions validating such clauses (Wm. H. Muller & Co. v. The Swedish-American Line Ltd., 224 F.2d 806 (2 Cir. 1955) certiorari denied, 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793 (1955); Krenger v. Pennsylvania R. Co., 174 F.2d 556 (2 Cir. 1949), in particular Judge Learned Hand's concurring opinion at pages 560–561; Central Contracting Co. v. C. E. Youngdahl & Co., Inc., 418 Pa. 122, 209

A.2d 810 (1965)), it would appear that New York State has not joined in this trend.

The case of Gilbert v. Burnstine, 255 N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453 (1931) is not to the contrary. That case was concerned solely with the problem of consent to jurisdiction. It did not discuss the eventualities that would have occurred if suit had been brought in New York in violation of the provisions of the contract providing for arbitration in England.

The statements in the National Equipment Rental case, supra, 338 F.2d at 762, to the effect that "parties to a contract may agree in advance to submit to the jurisdiction of a given court" and "the public policy of New York does not forbid the making of a contract to submit to jurisdiction" do not apply to this situation, since that case was concerned solely with the question of adequacy of service. In addition, in that case suit was brought in New York under a contract providing for New York jurisdiction.

For these reasons, the motion to strike the Fourth Defense is granted.

The second question presented involves the sufficiency of the complaint and the determination of the Defendant's cross-motion to dismiss. Accepting the fact, as discussed above, that the choice of forum clause in the franchise agreement will not bar an action in this Court, the complaint does set forth facts sufficient to state two (2) separate causes of action, first, on the question of recission of the Franchise Agreement, and second, on the question of loss of profits resulting from the fraud of the Defendant in inducing the Plaintiffs to enter into the Franchise and Lease Agreements. LaVeglia v. Guidice, 278 App. Div. 669, 102 N.Y.S.2d 768 (2d Dep't 1951).

For these reasons, the Defendant's cross-motion to dismiss is denied.