■ LEO RENNIE, Respondent-Appellant, v PIERCE CARDS, LTD., et al., Appellants-Respondents.—Appeal from the judgment of Supreme Court, Bronx County, entered March 25, 1977, in favor of the plaintiff in the sum of $10,106.15, which directed the cancellation and discharge of a promissory note in the sum of $22,500, and directed that upon payment of the judgment with interest, costs and disbursements and within two weeks after the entry of judgment plaintiff was to surrender to defendant, Pierce Cards, Ltd., the stationery and greeting card business located at premises 3502 White Plains Road, Bronx, New York, and dismissed the counterclaim of the defendants, dismissed, without costs or disbursements, as the judgment appealed from was completely supplanted by a modified judgment. Modified judgment of the same court, entered March 21, 1978, directing plaintiff to turn over to defendants an inventory in the sum of $7,000 and the business, or, in the alternative, that defendants be given credit in the sum of $7,000 as against the judgment entered on March 25, 1977, unanimously modified, on the law and the facts, without costs and disbursements, to the extent of deleting the provision directing plaintiff to turn over the inventory and the business, reducing the judgment in favor of the plaintiff by the sum of $1,100 plus the interest thereon and allowing a credit to the defendants of $7,000 against the sum remaining due to plaintiff on the judgment, and otherwise affirmed. In this action to rescind a contract of purchase by the plaintiff of a stationery and greeting card business, the record supports the trial court's finding of the defendants' fraud and the grant of rescission. The court, however, made two errors in the original judgment that were incorporated

into the modified judgment. Its award to the plaintiff included $1,000 of consequential damages, but the record is devoid of any proof establishing the reasonable value of such damages. The court awarded plaintiff the nominal sum of $100 for lost profits, but plaintiff, having elected to rescind, cannot recover lost profits (*Armstrong v Herman,* 229 App Div 162, 167; 13 NY Jur, Damages, § 113). *Veglia v Guidice* (278 App Div 669), upon which plaintiff relies, was not an action for rescission. Modification of the original judgment was necessary since, before it could be effected, the business burned. This has evoked a contention by the defendants that compliance with either judgment should be excused by impossibility of performance. This contention, applicable to parties to a contract, cannot bind a court commissioned by CPLR 3002 (subd [e]) to give complete equitable relief. The plaintiff contends that the defendants' fraud should not permit them a credit against his judgment of the conceded amount of the inventory of $7,000 he was to have turned over to them prior to the fire. Again, contract cases are cited; they do not inhibit the equitable powers of the court. We find moreover no reason in the evidence why the defendants should have to pay the full judgment and then have to wait up to two weeks for the plaintiff to pay them $7,000. Accordingly we allow the latter figure as a credit against the judgment. Settle order. Concur—Murphy, P. J., Lane, Markewich, Lynch and Sullivan, JJ.