■ Facie Libre Associates I, L.L.C., et al., Appellants, v Littman Krooks, L.L.P., Respondent. [4 NYS3d 16]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered September 11, 2013, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as to the legal malpractice cause of action, and otherwise affirmed, without costs.

The legal malpractice cause of action should not be dismissed because it cannot be concluded as a matter of law from the allegations in the complaint that defendant had no duty to monitor the transaction at issue for plaintiffs, including requesting copies of and ascertaining the status of documents required by the issuer for the stock sale to go forward (*see Katz v Paul, Hastings, Janofsky & Walker LLP*, 19 Misc 3d 1121[A], 2008 NY Slip Op 50796[U] [Sup Ct, NY County 2008]). In particular, plaintiffs allege that there were indications that the legal opinion necessary for the transaction had not been sent to the issuer and that those indications should have triggered an inquiry by defendant (*see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 115 AD3d 228, 240-241 [1st Dept 2014]). The complaint adequately alleges that but for defendant's failure to make inquiry as to the status of the legal opinion, the opinion would have been delivered by the seller (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). Plaintiffs' claim for lost profits is not barred by the settlement with the seller for the return of the purchase price since no election of remedies against defendant is involved (*see Rennie v Pierce Cards*, 65 AD2d 527, 528 [1st Dept 1978]).

The fiduciary duty claim is duplicative of the legal malprac-

tice claim (*see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [1st Dept 2004]).

Were we to consider defendant's argument, raised for the first time on appeal, that this action is precluded by the judgment in *Libre Assoc. I, LLC v SecondMarket Holdings, Inc.* (36 Misc 3d 1229[A], 2012 NY Slip Op 51545[U] [Sup Ct, NY County 2012], *revd* 103 AD3d 565 [1st Dept 2013], *lv denied* 21 NY3d 866 [2013]), we would reject it. Concur—Gonzalez, P.J., Acosta, Manzanet-Daniels and Clark, JJ.