Farag v Rochester Regional Health (2026 NY Slip Op 50332(U))

[*1]

Farag v Rochester Regional Health

2026 NY Slip Op 50332(U)

Decided on March 17, 2026

Supreme Court, Monroe County

Waldorf, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 17, 2026
Supreme Court, Monroe County

Susan Farag as Executrix of the Estate of Patricia O. Smith, Deceased, Plaintiff,

againstRochester Regional Health, SETH CHARATZ, D.O., DANIEL FLAHERTY, D.O., LUCAS POLITO, PA, ANTHONY V BARRATA, M.D., ALYSON HANDY, PA, ROCHESTER GENERAL HOSPITAL, GASTROENTEROLOGY ASSOCIATES OF ROCHESTER LLP, JOHN DOE, and JANE DOE, Defendants.

Index No. E2023004781

John M. Regan, Esq., Law Office of John M. Regan, Jr., for Plaintiff.
Alexandra C. Douglass, Esq. and Emily D. Crowley, Esq., Harris Beach Murtha Cullina PLLC, for Defendants Rochester Regional Health, Seth Charatz, D.O., and Rochester General Hospital.
Thomas M. Bernacki, Esq., Hirsch & Tubiolo, P.C., for Defendant Daniel J. Flaherty, D.O.
Kevin E. Hulslander, Esq., Smith, Sovik, Kendrick & Sugnet, P.C., for Defendant Lucas Polito, PA.
Michael T. Houck, Esq., Brown, Gruttadaro & Prato, PLLC, for Defendants Anthony V. Barrata, M.D., Alyson Handy, P.A., and Gastroenterology Associates of Rochester, LLP.

Joseph D. Waldorf, J.

On May 5, 2023 John M. Regan, Jr., Esq., commenced this medical malpractice and wrongful death action against the collective Defendants purportedly on behalf of the executor of decedent's estate — Susan Farag (NY St Cts Elec Filing [NYSCEF] Doc No. 1). Mr. Regan also filed a certificate of merit along with the summons and complaint wherein he swore that he represented Susan Farag (NYSCEF Doc No. 1). Indeed, Susan Farag is the lawfully appointed executor of decedent's estate (NYSCEF Doc No. 123). But Susan Farag has no idea who Mr. [*2]Regan is: he is not her attorney and she never authorized him to file this lawsuit (NYSCEF Doc No. 124 at 9, 46-47, 47-49). 
Following this revelation, Defendants discovered that on May 3, 2023 — two days prior to commencing this action — Mr. Regan had unsuccessfully sought in Surrogate's Court to have decedent's ex-husband granted limited letters of administration so as to commence this lawsuit (NYSCEF Doc Nos. 116, 119). Indeed, in Mr. Regan's affirmation to Surrogate's Court, he acknowledged Susan Farag's "unwillingness to undertake the cause of action on behalf of the estate." (NYSCEF Doc No. 119 at ¶ 4). Defendants collectively now move for an order dismissing the action pursuant to CPLR 3211 (a) (3) and (7) as well as CPLR 3212 on the ground that Mr. Regan had no authority from Susan Farag to file this action. Plaintiff opposes the motion. For the reasons that follow, the motions are GRANTED and the complaint is DISMISSED.
Where the authority of an opposing party's attorney to represent said party has been called into question, "the burden is cast upon the [attorney] asserting the authority " (Gaston & Co., Inc. v All Russian Zemsky Union, 221 AD 732, 734 [1st Dept 1927].) Put differently, an attorney who enters an unauthorized appearance in a case without his purported client's consent renders proceedings taken therein void (See e.g., Skyline Agency v Coppotelli, Inc., 117 AD2d 135 [2d Dept 1986]; Ulanoff v Croyden Shirt Co., 14 Misc 2d 13 [Sup Ct, Kings County 1958] [complaint subject to dismissal where attorney had no authority to appear for party]). Such is the case here.
Defendants have collectively established through Susan Farag's sworn testimony that Mr. Regan had no express or implied authority to commence this action. Starkly put, Defendants established that Mr. Regan knew he did not represent Susan Farag but he commenced the action in her name anyway.[FN1]
As such, Defendants have met their burden that Mr. Regan's commencement of this action and all conduct thereafter constitutes an unauthorized appearance on behalf of Susan Farag and that the complaint is properly dismissed as void. 
Mr. Reagan's arguments in opposition fail to compel a different result. Indeed, at oral argument he acknowledged that he does not have a signed retainer from Susan Farag. As such, express authority is not at issue. 
And to the extent he claims implied authority to have commenced the action from the estate's lawyer, such an argument is unavailing even if it were in fact true. For instance, Mr. Regan in response to the subject motions never offered an affirmation from the estate's lawyer who purportedly provided authority for him to commence the action on behalf of Susan Farag. Thus, there is no record support whatsoever to suggest implicit authority was conferred by Susan Farag to Mr. Regan to commence this action (See generally e.g., Skyline Agency v Coppotelli, Inc., 117 AD2d 135 [2d Dept 1986] [voiding judgment where party never expressly or implicitly conferred authority on attorney appearing on his purported behalf]). And even if Mr. Regan had provided such an affirmation from the estate's attorney it would not matter because only Susan Farag was authorized to expressly commence an action on behalf of decedent's distributees (See e.g., Shelly v S. Shore Healthcare, 123 AD3d 797 [2d Dept 2014]).
Additionally, Mr. Regan's suggestion that the Court hold in abeyance ruling upon the subject motions due to his application in Surrogate's Court to discontinue this action provides little solace. Quite the contrary. His filing in Surrogate's Court further highlights his void conduct here (NYSCEF Doc Nos. 140, 141, 143, 144, 146, 147). Put simply, he seeks to discontinue an action he had no authority to commence. As such, the Court declines the invitation to hold its ruling in abeyance pending further action of the Surrogate's Court.[FN2]

Accordingly, it is hereby
ORDERED, that the collective Defendants' respective motions to dismiss the complaint pursuant to CPLR 3211 are GRANTED in their entirety and the complaint is DISMISSED.
Any arguments or prayers for relief raised by the parties but not specifically referenced herein are rendered academic.
This constitutes the Decision and Order of the Court.
Dated: March 17, 2026
Rochester, New York
Honorable Joseph D. Waldorf
Supreme Court Justice

Footnotes

Footnote 1:This action has been ongoing for nearly three years and required the Court's intervention to resolve four discovery dispute motions for Plaintiff's failure to comply with basic discovery demands (NYSCEF Doc Nos. 97-100).

Footnote 2:All Defendants have either withdrawn requests for sanctions or expressly stated they do not intend to seek sanctions (NYSCEF Doc Nos. 158-161).